R-R REALTY COMPANY, A NEBRASKA CORPORATION, APPELLEE, V. METROPOLITAN UTILITIES DISTRICT OF OMAHA, NEBRASKA, ET AL., APPELLANTS, IMPLEADED WITH SAM J. HOWELL, COUNTY TREASURER, ET AL., APPELLEES.

166 N. W. 2d 746

Filed March 28, 1969. No. 37107.

Cecil S. Brubaker, W. L. Strong, Lester R. Seiler, Herbert M. Fitle, and Edward M. Stein, for appellants.

Ross & O'Connor and McGowan & Troia, for appellee R-R Realty Co.

Donald L. Knowles, for appellees Howell et al.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

The plaintiff filed this class action challenging the constitutionality of a one-half mill levy for what is commonly referred to as the "hydrant tax" in a metropolitan water district. § 14-1026, R. R. S. 1943. It is contended that this tax statute violates Article VIII, section 1A, Constitution of Nebraska, which provides: "The state shall be prohibited from levying a property tax for state purposes." The tax is a property tax. The district court found that the tax was levied by the state, for a state purpose, and violated the constitutional provision. The judgment held the tax void and enjoined its collection.

Section 14-1026, R. R. S. 1943, defines the water fund of a metropolitan water district as including a "water tax" levied by a municipality or county at the same time and in the same manner as other funds for municipal or county purposes, and then provides: "The amount of the tax shall be certified * * * by the board of directors of the metropolitan water district * * * and shall not exceed * * * the sum produced by computing each fire hydrant now or hereafter installed in the streets or

alleys of said municipality or precinct at the following rates per hydrant: Regular fire hydrants, sixty dollars; intermediate fire hydrants, ten dollars. The gross amount of such tax shall not exceed the sum of three mills on the dollar upon the assessed value of all the taxable property in such water district, except intangible property, and it shall be mandatory upon such municipal authorities or county commissioners to levy same as above provided."

Preceding sections of the statutes provide that a metropolitan water district shall maintain free of charge hydrants for fire protection established or installed as provided; and, in its discretion, afford, free of charge, water required for public use by municipalities and schools within limitations specified. See §§ 14-1023 and 14-1024, R. R. S. 1943.

Plaintiff contends that the obligation to make the levy is imposed upon the municipality or the county by the Legislature, and the tax is, therefore, levied by the Legislature; that the tax is for governmental as opposed to corporate purposes; and consequently is for state rather than local purposes and, therefore, unconstitutional. We cannot agree.

Plaintiff relies on State ex rel. Metropolitan Utilities Dist. v. City of Omaha, 112 Neb. 694, 200 N. W. 871. That case upheld this same tax against a challenge based on Article VIII, section 7, Constitution of Nebraska: "The Legislature shall not impose taxes upon municipal corporations, or the inhabitants or property thereof, for corporate purposes." That case was a mandamus action by the Metropolitan Utilities District to require the City of Omaha to levy the water tax certified by the board of directors of the district. The court treated the statute as mandatory with respect to the levying of the tax by the city after certification by the district; treated the tax as "imposed" directly by the Legislature; and assumed for those purposes that the tax was "levied" by the Legislature. The essential holding of the case was that

fire protection was a "governmental" purpose, rather than a "corporate" purpose.

The language of the statute is clear and mandatory in requiring a city or county to make a tax levy sufficient to produce the amount certified by the water district if that amount does not exceed the maximum limits provided by section 14-1026, R. R. S. 1943. It is not at all clear that the statute requires the board of directors of the water district to certify some amount every year. Even if it be assumed that the language requires some amount to be certified every year, that amount is still entirely within the discretion of the board of directors of the water district if it does not exceed the maximum set out in the statute. Such a tax is no different than many other taxes previously assumed to be strictly local levies for local purposes in which amounts are certified by school districts or other bodies to the local governmental authority required to make the levy.

If we were to accept the reasoning urged by the plaintiff, any property tax for governmental purposes levied by a city or county under legislative directions fixing a maximum amount and a maximum levy would become a tax levy by the state for state purposes. In order for the state Constitution to restrict the plenary power of the Legislature to tax, the language of restriction must be clear. Craig v. Board of Equalization, 183 Neb. 779, 164 N. W. 2d 445.

The levy of a property tax by a local governmental unit should not be treated as a state levy for state purposes merely because the Legislature has authorized or required the local governmental unit to make the levy. Neither should the fact that the tax is for a "governmental" purpose make it automatically for state purposes rather than local.

A statute authorizing or requiring a city or county to levy a property tax for local fire protection purposes does not contravene the constitutional prohibition against

a state levy of a property tax for state purposes. See Craig v. Board of Equalization, *supra.*

The judgment of the district court is reversed and the cause remanded with directions to dismiss plaintiff's petition.

REVERSED AND REMANDED WITH DIRECTIONS.

CARTER, J., concurring.

The majority opinion holds that in order for the state Constitution to restrict the plenary power of the Legislature to tax, the language of restriction must be clear.

While the foregoing statement is true, it leaves the inference that any constitutional restriction on the power of the Legislature to tax is a valid one if the restriction is clear. I submit that this is not always so. The power of the state to tax is a sovereign one which cannot be unduly restricted by constitutional provision. If this were not so, a state government could be destroyed by the terms of the very instrument of its creation by denying it the necessary funds on which to operate. The Legislature may provide the means, or no means at all, for the maintenance or destruction of a governmental subdivision whose very existence is at the sufferance of the Legislature. But the sovereign power of the Legislature to tax takes precedence over a constitutional provision only as to a statewide tax necessary to the very existence of the state; otherwise it would contain the seeds of its own dissolution. It would be a calamity of the greatest magnitude if a constitutional provision provided, or was construed to provide, for the collapse of the very object of its creation. Such a necessity tax is within the plenary power of the Legislature and is supported by the sovereign power growing out of its constitutional creation irrespective of specific constitutional provisions.

WHITE, C. J., and SPENCER and NEWTON, JJ., join in the foregoing concurrence.