STATE OF NEBRASKA EX REL. CLARENCE A. H. MEYER, ATTORNEY GENERAL OF THE STATE OF NEBRASKA, APPELLEE, V. COUNTY OF BANNER, NEBRASKA, APPELLANT.

244 N. W. 2d 179

Filed July 21, 1976. No. 40435.

Robert G. Simmons, Jr., for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ., and RONIN, District Judge.

McCOWN, J.

The State of Nebraska brought this action against Banner County to recover funds alleged to be due for the period of December 1, 1969, to December 31, 1972, to the Nebraska Retirement Fund for Judges with respect to the county judge of Banner County. Banner County denied liability and by counterclaim and cross-petition sought reimbursement for costs and expenses paid by the county for maintaining the county court and District Court; for prosecuting persons for state crimes; and for conducting state and national elections. Such payments by the county are alleged to be unconstitutional under Article VIII, section 1A, of the Nebraska Constitution, prohibiting the state from levying a property tax for state purposes.

The District Court entered judgment for the State in the sum of $493.33 upon the cause of action set out in the petition; found against the county on the causes of action set out in the counterclaim and cross-petition; and dismissed those causes of action. The county has appealed.

Virtually all facts are stipulated and not in dispute. At all times relevant to the cause of action set out in plaintiff's petition the county judge of Banner County was an employee of the county and his salary was paid by the county. The cause of action set out in the petition rests on the provisions of section 24-703.01, R. S. Supp., 1969. That section provided: "Counties and municipalities shall remit to the State Treasurer each

month a sum equal to the amount any county judge or municipal judge, as the case may be, contributes to the Nebraska Retirement Fund for Judges, to be placed in the Retirement Fund for Judges * * *."

Section 24-703, R. S. Supp., 1969, among other provisions, required the county clerk of each county to deduct from the payroll the contribution required of the county judge, and to pay the amounts so deducted to the executive officer in charge of the judges retirement system to be credited to the Nebraska Retirement Fund for Judges.

Banner County contends that section 24-703.01, R. S. Supp., 1969, was not intended to require a matching contribution from the county but only to require the county to remit the amount contributed by the county judge.

Under section 24-703, R. S. Supp., 1969, the State was required to pay each year, in addition to contributions from judges and supplementary court fees received, an amount necessary to fully fund all unfunded accrued liabilities of the retirement system. That contribution was for the benefit of all judges, whether their salaries were paid by the State or by a county or a municipality. Section 24-703.01, R. S. Supp., 1969, simply required counties and municipalities, as employers, to match the contribution of their employee judges.

If there were serious doubt as to the statutory meaning, it should be resolved by the fact that the amount required to be deducted from the pay of the county judge by the county clerk in section 24-703, R. S. Supp., 1969, was required to be paid to the executive officer in charge of the judges' retirement system. The amount required to be remitted by the county under section 24-703.01, R. S. Supp., 1969, was required to be paid to the State Treasurer. The fact that separate liabilities and payments are required is obvious. That conclusion is reinforced by subsequent statutory changes which refer to "matching contributions." See § 24-703(5), R. S. Supp., 1974.

Statutes pertaining to the same subject matter should be construed together as if they were one law and effect given to every provision. Crete Education Assn. v. School Dist. of Crete, 193 Neb. 245, 226 N. W. 2d 752. The District Court properly construed the statutes involved here and its judgment was correct unless it is affected by the constitutional issues raised in defendant's counterclaim and cross-petition.

By counterclaim and cross-petition the county seeks reimbursement from the State and declaratory relief from liability for costs and expenses required by statute to be paid by the county for maintaining a county court; for maintaining a District Court; for prosecuting state criminal law violations; and for conducting state and national elections. The county contends that these costs and expenses are for state purposes rather than local purposes and are raised by the county and paid from property taxes, and argues that, therefore, the State is indirectly levying a property tax for state purposes in violation of Article VIII, section 1A, Nebraska Constitution.

Article VIII, section 1A, first adopted in 1954, became effective in its present form in 1966. It provides: "The state shall be prohibited from levying a property tax for state purposes." Prior to 1966, there was no income or sales tax, and the principal tax source for the support of state government was a property tax, imposed by a state levy, separate and distinct from the levies imposed by counties, cities, and other political subdivisions. The amendment became effective with the adoption of an income and sales tax by the State in 1966.

The amendment, by its terms, prohibits only the State from levying a property tax, and then only for state purposes. It does not affect the use of property taxes by a county, city, or other local subdivision. Counties, cities, and other taxing subdivisions of state government have traditionally relied and still rely upon property taxes as their major source of revenue. Historically

and currently the governmental activities supported by a county property tax at the time the amendment was adopted were and are serving substantial local purposes. The constitutional amendment was not intended to disturb that tax structure nor effect any change in the use of property taxation by any governmental unit except the State itself.

In three of the four areas of governmental activity involved here there has been no major statutory change in the manner of operation, nor in the manner or proportion of local tax support for a period beginning long prior to the adoption of the amendment. The same was true of the county court system until the unified system of county courts became operative on January 4, 1973. Prior to that change, the counties had been responsible for all costs and expenses involved in maintaining and operating the county courts. Under the unified system, the counties' responsibility for costs and expenses has been reduced to establishing, furnishing, and maintaining appropriate courtroom and office facilities for the county court and the State has assumed all salaries and other expenses involved in the operation of the county court system.

In all areas challenged here, the proportion of county tax support is either the same or smaller than it was when the constitutional amendment was adopted.

In the landmark case of Craig v. Board of Equalization, 183 Neb. 779, 164 N. W. 2d 445, this court said: "The county has been viewed historically as a limited agency. Funding most, if not all, county functions has served state purposes. State government has remained largely free to supervise local administration of the property tax. Programs of state assistance to local units have been tied to effective, equitable use of the property tax by the local units themselves. Federal, state, and local governments have joined to combat conditions of common concern."

In that case we held: "In order for the state Con-

stitution to restrict plenary power of the Legislature to tax, the language of restriction must be clear." We also held that a statute requiring a county to levy a property tax for purposes substantially local does not contravene the prohibitions of Article VIII, section 1A, Nebraska Constitution, although the statute commingles state and local purposes. That holding is controlling here.

In Kovarik v. County of Banner, 192 Neb. 816, 224 N. W. 2d 761, this court was dealing with a similar constitutional challenge involving payment of the costs of furnishing counsel to indigent defendants in the prosecution of crime. We determined that criminal prosecutions were substantially local in purpose and benefit and said: "(H)istorically and traditionally the counties have been given the responsibility of paying for the expenses of criminal prosecution. In adopting the Duis amendment to Article VIII, section 1A, Constitution, there is no reason to believe the people intended to disturb the historical method of financing criminal prosecutions." That same statement applies to all the governmental activities challenged here. The statutory scheme is clearly indicative of the fact that each of these governmental activities has always been regarded as being a substantial function of the counties.

The county contends that because the areas of expenditure here involved governmental activity or governmental purposes, therefore they are automatically state purposes rather than local purposes. The same argument was answered by this court in R-R Realty Co. v. Metropolitan Utilities Dist., 184 Neb. 237, 166 N. W. 2d 746. In that case we said: "If we were to accept the reasoning urged by the plaintiff, any property tax for governmental purposes levied by a city or county under legislative directions fixing a maximum amount and a maximum levy would become a tax levy by the state for state purposes. * * * The levy of a property tax by a local governmental unit should not be treated as a state levy for state purposes merely because the

Legislature has authorized or required the local governmental unit to make the levy. Neither should the fact that the tax is for a 'governmental' purpose make it automatically for state purposes rather than local."

In effect, the position of the county here is that if state purposes are involved in the activity, the constitutional amendment prohibits the use of a county or local property tax levy to support or fund the activity. The county cites State ex rel. Western Nebraska Technical Com. Col. Area v. Tallon, 192 Neb. 201, 219 N. W. 2d 454, in support of that position. That case is clearly distinguishable. The statute there, for all practical purposes, required the imposition of a one mill property tax levy in every county in Nebraska for the support of a statewide system of technical community colleges controlled and primarily financed by the State. In essence, the State levied a property tax upon all property in the state for state purposes in violation of the constitutional amendment. In addition, that case involved a new technical community college system completely independent and separate from established educational systems, whether state or local. Because of its new and independent nature, the determination of whether the controlling and predominant purposes were state or local purposes had to be made upon the basis of an analysis of the statute, rather than upon the historical record of state or local tax support. That situation is not this one.

Each of the governmental activities involved here was supported, either in whole or in major part, by local county property tax levies at the time the constitutional amendment became effective, at the time it was adopted, and at all times before that. There is no reason to believe that the people intended to disturb that historical pattern.

Statutory provisions requiring the counties to pay the costs and expenses of maintaining a county court; a District Court; prosecuting criminal law violations; and

conducting state and national elections do not contravene Article VIII, section 1A, Constitution of Nebraska, prohibiting the State from levying a property tax for state purposes. The determinations of the District Court in favor of the plaintiff on its petition and in dismissing the defendant's counterclaim and cross-petition were correct.

The judgment is affirmed.

AFFIRMED.

BOSLAUGH, J., concurring.

I concur fully in the holding that the various statutes challenged in this case are constitutional.

I agree that the Duis amendment only prohibits the state from levying a property tax and then only for state purposes. It did not repeal the rest of the Constitution and it does not affect the use of property taxes by local subdivisions.

This case involves a difficult area, and questions which relate to counties are complicated by the fact that a county has no private character but is governmental only and acts purely as an agent of the state. State ex rel. City of Omaha v. Board of County Commissioners, 109 Neb. 35, 189 N. W. 639. Nevertheless, purposes which are substantially local may be financed by a property tax. Historical and traditional patterns are matters to be considered, but in my view they are not controlling. I do not interpret the Duis amendment as a complete restriction upon the power of the Legislature to allocate the functions and activities of government between the state and various local subdivisions.

SPENCER, J., joins in this concurrence.