VIRGINIA C. EULER, APPELLANT, V.
ARTHUR C. EULER, APPELLEE.
295 N.W.2d 397

Filed August 8, 1980. No. 42936.

Dale D. Kuhlmann of Kuhlmann & Gergen for appellant.

Jon S. Okun and Richard Calkins of Eisenstatt, Higgins, Kinnamon & Okun, P.C., for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BRODKEY, J.

Virginia C. Euler (Virginia), who was the petitioner below in an action brought by her for dissolution of her marriage to the respondent, Arthur C. Euler (Arthur), in 1974, appeals to this court from an order entered by the District Court for Douglas County, Nebraska, on May 21, 1979, terminating the obligation of Arthur to pay alimony to Virginia as provided in the decree of dissolution of marriage dated August 9, 1974.

There is no dispute as to the facts in this case. The decree entered August 9, 1974, dissolved the marriage of the parties, awarded custody of the minor child of the parties to Virginia, and, pursuant to a property settlement agreement between the parties dated July 30, 1974, provided for payment of child support for the minor child, alimony for Virginia, and also for attorney fees for Virginia's counsel. The trial court found that the terms of the property settlement agreement were "proper and reasonable in all respects." That agreement, so far as it provided for the payment of alimony to Virginia, provided as follows:

"10. That in addition to the specific items of property

transferred or to be transferred to VIRGINIA C. EULER in connection with this Property Settlement Agreement, ARTHUR C. EULER agrees to pay to VIRGINIA C. EULER the sum of Twenty-seven Thousand Two Hundred Twenty-Five Dollars ($27,225.00) as alimony payable Two Hundred Twenty-Five Dollars ($225.00) per month, said payments to begin on the 1st day of the first month following the month in which the Decree of Dissolution of Marriage is entered and decreed by the Court, said payments to continue thereafter for a period of One Hundred Twenty-one (121) months, or a total of ten (10) years and one (1) month, and each successive monthly installment after the first installment shall be made on the 1st day of each month thereafter until fully paid and satisfied; and that all payments shall be made through the Office of the Clerk of the District Court of Douglas County, Nebraska, and that said payments are made in discharge of a legal obligation because of the marital and family relationship incurred by ARTHUR C. EULER incident to the dissolution of marriage proceedings in the District Court of Douglas County, Nebraska entitled 'VIRGINIA C. EULER vs. ARTHUR C. EULER, DOC. 673, No. 301.'"

The trial court incorporated the agreement for payment of alimony into paragraph 5 of the decree in the following language: "5. That the Respondent shall pay to the Petitioner through the Office of the Clerk of the District Court of Douglas County, Nebraska, the sum of Twenty-seven Thousand Two Hundred Twenty-five Dollars ($27,225.00), payable Two Hundred Twenty-five Dollars ($225.00) per month for a period of One Hundred Twenty-one (121) months as alimony, the first such payment to be made on the 1st day of the month following the date of the entry of this Decree and each successive monthly payment to be made on the 1st day of each month thereafter until all payments required hereunder have been made."

It appears from the record that Virginia remarried on December 26, 1978, and that thereafter, on April 24,

1979, Arthur filed a motion in the proceedings for an order "terminating alimony payments as of the 26th day of December, 1978, at which time the petitioner remarried."

After reviewing the evidence, the trial court entered an order on May 21, 1979, modifying the decree of dissolution by terminating alimony payments as of the date of filing the motion to modify the decree. In so ruling, the trial court found that the award "does not constitute alimony in gross and is terminable by this court upon the death of either party or the remarriage of the recipient. The parties hereto did not agree in writing to the contrary and such alimony award was not designated as 'alimony in gross' so as to take the award of alimony out of the general provision of the statute terminating alimony upon death of either party or remarriage of the recipient. While such alimony may very well have constituted alimony in gross prior to the enactment of Section 42-365, R.S. Supp. 1972, the impact of that section of the statute is to impose or require restrictive language in an alimony award to constitute an award of alimony as in gross and not, therefore, modifiable, which provision is lacking here. The presence of the words 'until all payments required hereunder have been made' does not supply the restrictive omission."

The issue presented in this appeal is whether, because of the marriage of Virginia, the alimony provision contained in the decree was terminated under Neb. Rev. Stat. § 42-365 (Reissue 1978), which provides, in pertinent part: "Except as otherwise agreed by the parties in writing or by order of the court, alimony orders shall terminate upon the death of either party or the remarriage of the recipient."

In her brief and argument on appeal, Virginia contends that the award of alimony contained in the original decree was an award of "alimony in gross," which cannot be modified, and she cites in support of her contention earlier Nebraska cases so holding. This, however, is no longer true under the new marriage dissolution

statutes adopted in Nebraska in 1972. We recently had occasion to discuss the issue in *Van Pelt v. Van Pelt*, 206 Neb. 350, 355, 292 N.W.2d 917, 920 (1980), wherein we stated:

"Under a prior statute, this court held that an unqualified allowance of alimony in gross, whether payable immediately in full or periodically in installments, and whether intended solely as a property settlement or as an allowance for support, or both, is such a definite and final adjustment of mutual rights and obligations between husband and wife as to be capable of a present vesting and to constitute an absolute judgment. *Karrer v. Karrer*, 190 Neb. 610, 211 N.W.2d 116 (1973). Under the terms of Neb. Rev. Stat. §§ 42-365 and 42-366 (Reissue 1978), we believe that rule must be extended to those cases in which the decree expressly precludes modification."

In support of her position that the provision for alimony in the original decree was not modifiable, Virginia relies strongly upon our decision in *Watters v. Foreman*, 204 Neb. 670, 284 N.W.2d 850 (1979), where we were also faced with the situation where the recipient of an alimony award remarried. The issue presented to us in that case was whether the remarriage terminated the alimony obligation. In finding that the remarriage did not operate to terminate the alimony, we stated: "Where the parties by their agreement in writing, or the court by its decree, provide that a specific amount of alimony shall be paid for a specific period of time, and shall terminate only upon the occurring of a specific event set out in the agreement or decree and otherwise shall not be subject to amendment or revision, the payment of such alimony shall terminate only upon the happening of the event set out in the agreement or decree. Under such circumstances the remarriage of a party receiving alimony shall not cause the alimony to terminate, absent a specific provision in the agreement or decree to such effect, and the use of the word 'remarriage' is not necessary."

We believe that *Watters* is factually distinguishable from the instant case. The decree in *Watters* provided that the alimony award should not be modified or amended *except in the event of the recipient's death.* In the case before us, no such provision is included in either the property settlement agreement or in the decree itself. Neither the property settlement nor the decree provides for the termination of alimony upon the occurrence of a specified event set out in the agreement, nor does either state that the agreement shall not be subject to amendment or revision. Section 42-365 clearly states that alimony payments will terminate by operation of law when a decree is silent on the effect of death or remarriage. We, therefore, hold that the trial court was correct in finding that the alimony award in question should be terminated. However, we are of the opinion that the order should have terminated the alimony award as of the date of Virginia's remarriage on December 26, 1978, and we, therefore, modify the order of the District Court to that extent.

One further contention deserves comment. Virginia has contended that section 42-365 is not applicable where the parties have entered into property settlement agreements under Neb. Rev. Stat. § 42-366 (Reissue 1978). However, § 42-366(7) provides: "Except for terms concerning the custody or support of minor children, the decree may expressly preclude or limit modification of terms set forth in the decree." In the instant case, there were no provisions expressly precluding or limiting modification of the terms of the decree. We believe that the provisions of § 42-366(7) can and should be read in conjunction with the provisions of § 42-365, with effect being given to each statute. Under the rule that the court must construe statutes pertaining to the same subject matter together as if they were one law, and effect should be given to every provision if possible, *State ex rel. Meyer v. County of Banner,* 196 Neb. 565, 244 N.W.2d 179 (1966), we conclude that dissolution decrees may be modified with reference to alimony by the plain lan-

guage of the statutes even if they are based on property settlement agreements, so long as the parties or the court have not provided otherwise in writing.

In view of what we have stated above, the order and judgment of the District Court terminating alimony must be affirmed, as modified above.

AFFIRMED AS MODIFIED.