LLOYD F. GARBER, DOING BUSINESS AS GARBER'S HONDA, FAIRBURY, NEBRASKA, APPELLANT, V. STATE OF NEBRASKA ET AL., APPELLEES.

489 N.W.2d 550

Filed September 25, 1992.    No. S-89-1338.

Lloyd F. Garber, pro se, and, on brief, Donald H. Bowman and Mark J. Krieger for appellant.

John R. Doyle, of Doyle & Doyle Law Offices, for appellee State.

Robert W. Dickerson, Karol M. Pessin, and Lawrence R. LaPorte, of Lyon & Lyon, and Charles D. Humble, of Erickson & Sederstrom, P.C., for appellee American Honda Motor Co.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

The district court affirmed the order of the Nebraska Motor Vehicle Industry Licensing Board, which terminated the franchise agreements between the respondent-appellant franchisee, Lloyd F. Garber, doing business as Garber's Honda, Fairbury, Nebraska, and the applicant-appellee franchisor, American Honda Motor Company, Inc., "effective when a replacement dealer is found and the Board is notified" by American Honda. We dismiss.

Neb. Rev. Stat. § 60-1420(1) (Reissue 1988) provides that, except under conditions not present in this case,

no franchisor shall terminate or refuse to continue any

> franchise unless the franchisor has first established, in a hearing . . . that:
>
> (a) The franchisor has good cause for termination or noncontinuance; and
>
> (b) Upon termination or noncontinuance, another franchise in the same line-make will become effective in the same community, without diminution of the franchisee's service formerly provided, or that the community cannot be reasonably expected to support such a dealership.

Garber questions the district court's determination that the board's order is not, as he contends, arbitrary or capricious, but, on the contrary, is supported by competent, material, and substantial evidence. However, because the district court lacked jurisdiction to review the board's order, we lack jurisdiction to review the district court's judgment. See *In re Estate of Krueger*, 235 Neb. 518, 455 N.W.2d 809 (1990) (where court from which appeal was taken lacked jurisdiction, appellate court acquires no jurisdiction).

The board's order is clearly conditional; it is to operate only in the event that American Honda finds another franchisee and notifies the board of the fact that it has done so. Because a conditional order does not perform in praesenti, and thus leaves to speculation and conjecture what its final effect may be, it is not a final order and is therefore not appealable. See, *Schaad v. Simms*, 240 Neb. 758, 484 N.W.2d 474 (1992); *Lemburg v. Adams County*, 225 Neb. 289, 404 N.W.2d 429 (1987); *Fritch v. Fritch*, 191 Neb. 29, 213 N.W.2d 445 (1973).

Nonetheless, American Honda calls our attention to *American Motors Sales Corp. v. Perkins*, 198 Neb. 97, 251 N.W.2d 727 (1977), and suggests that we therein approved a bifurcated appeal procedure in cases arising under § 60-1420(1). The manufacturer in *American Motors Sales Corp.* applied for an order permitting it to terminate its relationship with the dealer. After finding that good cause had not been established, the board denied the application. The district court affirmed. On appeal, we ruled that good cause had indeed been established, and thus remanded the proceeding with the direction that the dealership arrangement be

terminated "upon the establishment of another franchise in the" relevant area. *Id.* at 103, 251 N.W.2d at 730.

The obvious distinction between the situation presented here and that presented in *American Motors Sales Corp.* is that in the latter case, the board's order, without leaving anything for further consideration, disposed of the whole merits of the case; it foreclosed the manufacturer from terminating its relationship with the dealer under the conditions as they then existed. Because the order was made in a "special proceeding," that is, in a proceeding arising under a civil statute not encompassed in chapter 25 of the Nebraska statutes, see, *In re Applications A-14137, A-14138A, A-14138B, and A-14139*, 240 Neb. 117, 480 N.W.2d 709 (1992), and *In re Interest of R.G.*, 238 Neb. 405, 470 N.W.2d 780 (1991), and it affected a substantial right of the manufacturer, it was final and thus appealable, see Neb. Rev. Stat. § 25-1902 (Reissue 1989).

APPEAL DISMISSED.