IN RE INTEREST OF M.J.B., A CHILD UNDER 18 YEARS OF AGE.
DEPARTMENT OF SOCIAL SERVICES, APPELLEE, V. C.B.,
APPELLANT.

496 N.W.2d 495

Filed March 5, 1993.   No. S-90-926.

Daniel L. Aschwege and Teresa K. Luther, of Knapp, Mues, Beavers, Luther & Fangmeyer, for appellant.

Don Stenberg, Attorney General, and Royce N. Harper for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

CAPORALE, J.

After taking jurisdiction of the subject juvenile, the county court, sitting as a juvenile court, directed the juvenile's father, the appellant herein, to undergo therapy, and ordered the Nebraska Department of Social Services, the appellee herein, to pay for it. Taking issue with the payment order, the department sought review by the district court, which, among other things, reversed the county court in that regard. Inasmuch as the district court lacked subject matter jurisdiction, we likewise lack jurisdiction to consider the father's appeal to this court. Accordingly, we dismiss the appeal in this court and remand the cause to the district court with the direction to dismiss the appeal to it.

Neb. Rev. Stat. § 43-2,106 (Cum. Supp. 1992) provides, in relevant part: "When a juvenile court proceeding has been instituted before a county court sitting as a juvenile court . . . except as provided in sections 43-287.01 to 43-287.06, appeal may be had to the district court as in civil cases . . . ."

The critical issues thus are whether the order the department appealed to the district court falls within the ambit of the statutory scheme providing for the expedited review of certain juvenile dispositions by a "juvenile review panel" found in Neb. Rev. Stat. §§ 43-287.01 through 43-287.06 (Cum. Supp. 1992) and, if so, whether that expedited appeal is the sole avenue of review.

Section 43-287.01 reads:

The purpose of sections 43-287.01 to 43-287.06 is to provide for an expedited review of juvenile dispositions by the courts. It is the intent to allow such review only when a court orders the implementation of a plan different than the plan prepared by the Department of Social Services for the care, placement, and services to be provided to such juvenile and the department or any other party believes such court-ordered plan not to be in the best interests of the juvenile.

It is the intent of sections 43-287.01 to 43-287.06 to remove contested dispositional plans from the appellate process for the purpose of expediting review by a juvenile review panel. Nothing in such sections shall otherwise

limit the right of any party to appeal other final orders of a juvenile court pursuant to [other sections].

Section 43-287.03 implements the intent expressed in § 43-287.01 by providing:

A juvenile review panel shall review a disposition of a court when the court makes an order directing the implementation of a plan different from the plan prepared by the Department of Social Services concerning the care, placement, or services to be provided to the juvenile and the department or any other party believes that the court's order is not in the best interests of the juvenile.

In construing these statutes, we are bound by the rule that in discerning the meaning of a statute, we must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense, it being our duty to discover, if possible, the Legislature's intent from the language of the statute itself. See, *Curry v. State ex rel. Stenberg, post* p. 695, 496 N.W.2d 512 (1993); *In re Interest of Powers, ante* p. 19, 493 N.W.2d 166 (1992). In the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning; when the words of a statute are plain, direct, and unambiguous, no interpretation is necessary or will be indulged to ascertain their meaning. *Hamilton v. Hamilton, post* p. 687, 496 N.W.2d 507 (1993); *Curry, supra; State v. Chambers, ante* p. 124, 493 N.W.2d 328 (1992). The components of a series or collection of statutes pertaining to a certain subject matter may be conjunctively considered and construed to determine the intent of the Legislature so that different provisions of an act are consistent, harmonious, and sensible. See *Maack v. School Dist. of Lincoln*, 241 Neb. 847, 491 N.W.2d 341 (1992).

With those rules in mind, we conclude that since the order in question required the department to pay for services rendered to the juvenile's father, it constitutes a disposition of the type contemplated by §§ 43-287.01 and 43-287.03. See Neb. Rev. Stat. § 43-290 (Reissue 1988) (allocating of financial responsibility for treatment is in nature of disposition hearing).

We must next look to Neb. Rev. Stat. § 43-285(2) (Cum.

Supp. 1992), which declares, in pertinent part: "The department or any other party may request a review of the court's order concerning the plan by a juvenile review panel as provided in section 43-287.04." Section 43-287.04 sets forth the procedure to seek such review. While standing alone the quoted language of § 43-285(2) would entitle the department to obtain an expedited review in any case, its reach is limited by the requirements set forth in §§ 43-287.01 and 43-287.03. The second sentence of § 43-287.01 and the provisions of § 43-287.03 require the application of a disjunctive test: First, the order must implement a different plan than that proposed by the department. Second, there must exist a belief in the department that the court-ordered plan is not in the best interests of the juvenile.

The county court rejected that part of the department's plan which implicitly called for the father to pay for the therapy the department recommended he undergo and substituted therefor the requirement that the department pay for the father's therapy. The county court thereby implemented a plan different than that prepared by the department, and the first part of the test has thus been met. Since the department urges that the juvenile's best interests would be best served by the father assuming responsibility for the cost of his own involvement in the rehabilitation plan, the department demonstrates a belief that the plan implemented by the county court is not in the best interests of the juvenile. Therefore, the second part of the test has been met as well. Accordingly, the order appealed falls within the ambit of the expedited appeal statutes.

The question at this point is whether expedited appeal is the sole avenue of review available to the department. The question is answered in the affirmative by the portion of § 43-287.01 which reads that nothing in §§ 43-287.01 to 43-287.06 "shall otherwise limit the right of any party to appeal *other* final orders of a juvenile court pursuant to" other sections. (Emphasis supplied.) As the subject order constitutes a disposition of the type contemplated by §§ 43-287.01 and 43-287.03 and meets both aspects of the disjunctive test imposed by those sections, it is not an "other" final order.

Consequently, the district court lacked subject matter

jurisdiction, for where the court from which an appeal was taken lacked jurisdiction, the appellate court acquires no jurisdiction. *Garber v. State*, 241 Neb. 523, 489 N.W.2d 550 (1992); *Nebraska State Bar Found. v. Lancaster Cty. Bd. of Equal.*, 237 Neb. 1, 465 N.W.2d 111 (1991). However, although an extrajudicial act of a lower court cannot vest the appellate court with jurisdiction to review the merits of the appeal, the appellate court has jurisdiction and, moreover, the duty to determine whether the lower court had the power, that is, jurisdiction, to enter the judgment or other final order sought to be reviewed. See *In re Interest of L.D. et al.*, 224 Neb. 249, 398 N.W.2d 91 (1986).

Accordingly, as noted in the first part of this opinion, we dismiss the appeal to this court and remand the cause to the district court with the direction to dismiss the appeal to it.

APPEAL DISMISSED, AND CAUSE
REMANDED WITH DIRECTION.