IN RE INTEREST OF A.K., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, DEPARTMENT OF SOCIAL SERVICES,
APPELLANT, V. SCOTTS BLUFF COUNTY, APPELLEE.

513 N.W.2d 42

Filed March 8, 1994.   Nos. A-93-621, A-93-652.

Don Stenberg, Attorney General, Royce N. Harper, and Craig L. Nelson, Special Assistant Attorney General, for appellant.

Dave Eubanks, Deputy Scotts Bluff County Attorney, for appellee.

SIEVERS, Chief Judge, and CONNOLLY and HANNON, Judges.

SIEVERS, Chief Judge.
The Nebraska Department of Social Services (DSS) brings two appeals in this dispute between DSS and Scotts Bluff

County over which entity must pay detention costs for a juvenile. The Scotts Bluff County Court, sitting as a juvenile court, ordered DSS to pay the costs. In DSS' appeal from the decision of a juvenile review panel, we dismiss for lack of jurisdiction. In DSS' other appeal to the district court, which the district court dismissed for lack of jurisdiction, we find that there was jurisdiction, and therefore we reverse and remand. The cases were consolidated for argument and opinion.

## SCOPE OF REVIEW

An appeal of a juvenile proceeding to the appellate court is heard de novo upon the record. The trial court's findings will not be set aside on appeal unless they are against the weight of the evidence or there is a clear abuse of discretion. *In re Interest of D.P.Y. and J.L.Y.*, 239 Neb. 647, 477 N.W.2d 573 (1991); *In re Interest of R.W.*, 236 Neb. 420, 461 N.W.2d 545 (1990). With respect to matters of law, the appellate court reaches independent conclusions. *State Bd. of Ag. v. State Racing Comm.*, 239 Neb. 762, 478 N.W.2d 270 (1992).

## PROCEDURAL BACKGROUND

These cases began with the filing of a juvenile court petition in Scotts Bluff County Court alleging that A.K. was a person within Neb. Rev. Stat. § 43-247(2) (Reissue 1988). The petition alleged that A.K. had unlawfully subjected his sister to sexual contact. On August 26, 1992, A.K. was adjudicated a juvenile under § 43-247(2) and (3)(b). The court, sitting as a juvenile court, ordered that A.K. continue to be detained at West Nebraska Juvenile Services. Following a dispositional hearing on August 31, A.K. was placed in the custody of DSS and ordered to remain in detention. On September 25, the court ordered A.K.'s placement at the Griffith Center, an adolescent perpetrators program in Larkspur, Colorado, with transportation to be provided by DSS. Scotts Bluff County then filed a motion asking the court to hold a hearing under Neb. Rev. Stat. § 43-290 (Cum. Supp. 1992) to establish responsibility for A.K.'s support. A hearing was held, and the court found that A.K.'s parent was responsible for his support, but that any portion not paid by the parent would be paid by DSS. An order was also entered, based on a stipulation, which

provided that A.K.'s mother would assign a portion of her child support to reimburse West Nebraska Juvenile Services for housing A.K. from August 31 to October 15. DSS was ordered to pay the balance of the detention costs by reimbursing West Nebraska Juvenile Services for $5,077.16. It is this sum which spawns these appeals.

DSS filed a request for review of the county court order pursuant to Neb. Rev. Stat. § 43-287.04 (Cum. Supp. 1992), which provides that a juvenile review panel, made up of three county court judges, Neb. Rev. Stat. § 43-287.02 (Cum. Supp. 1992), may review a juvenile court disposition. Scotts Bluff County filed a motion to dismiss the request for review. The juvenile review panel, which found that it had jurisdiction under Neb. Rev. Stat. §§ 43-287.01 to 43-287.06 (Cum. Supp. 1992), affirmed the order of the county court requiring DSS to pay A.K.'s detention costs. The panel also denied the county's motion to dismiss DSS' request for review.

DSS also appealed the order of the Scotts Bluff County Court to the district court, which found that it lacked jurisdiction, citing *In re Interest of M.J.B.*, 242 Neb. 671, 496 N.W.2d 495 (1993). Thus, the appeal to the district court was dismissed. DSS now appeals both the juvenile review panel's finding and the district court's dismissal of its appeal from the county court order.

## ASSIGNMENTS OF ERROR

In case No. A-93-621, DSS asserts that the district court erred in finding that it lacked jurisdiction to hear the appeal and in dismissing the appeal. In case No. A-93-652, DSS assigns as error the juvenile review panel's affirmance of the county court's order which held that the detention costs for A.K. were the statutory responsibility of DSS.

## DSS' APPEAL TO JUVENILE REVIEW PANEL

We first consider DSS' appeal from the decision of the juvenile review panel, which found that it had jurisdiction, affirmed the order of the county court, and denied the county's motion to dismiss DSS' request for review. The motion to dismiss argued that an expedited review is allowed only when the court has ordered the implementation of a plan different

than the plan prepared by DSS. The county argued that the request for review should be dismissed because DSS was actually appealing the amount that DSS had been ordered to pay, which was not a proper issue for expedited appeal under §§ 43-287.01 to 43-287.06.

The expedited review statutes, §§ 43-287.01 to 43-287.06, provide the procedures for review of certain juvenile dispositions. Section 43-287.01 states that this type of review is allowed

> only when a court orders the implementation of a plan different than the plan prepared by the Department of Social Services for the care, placement, and services to be provided to such juvenile and the department or any other party believes such court-ordered plan not to be in the best interests of the juvenile.

The Supreme Court has stated that whether a juvenile review panel may entertain a review of an order is determined by a disjunctive test: "First, the order must implement a different plan than that proposed by the department. Second, there must exist a belief in the department that the court-ordered plan is not in the best interests of the juvenile." *In re Interest of M.J.B.*, 242 Neb. at 674, 496 N.W.2d at 498.

In the present case, the only plan offered by DSS is contained in its predispositional investigation report. DSS recommended that A.K. undergo a thorough evaluation and assessment "with the high probability that [A.K.] be placed in an in-patient treatment center." The caseworker noted that she had consulted with a number of programs for sexual perpetrators and found that the obstacles in placing a juvenile in those facilities included cost, distance, and Nebraska's lack of contracts with facilities in other states.

The county court order found that A.K. should be placed at the Griffith Center in Colorado. The court ordered that DSS should be responsible for transportation, but no finding was entered concerning the costs of A.K.'s custody, treatment, or detention. DSS did not request review of this order, but later asked for review of a second order assigning responsibility for costs to DSS.

Relying on § 43-290, which defines the responsibility for

costs of care and treatment of juveniles, the county court ordered that DSS had the duty to pay the costs of the support, study, or treatment of the juvenile which are not otherwise paid by the juvenile's parent. That order also decreed that DSS should reimburse West Nebraska Juvenile Services for the cost of supporting A.K. between August 31 and October 15, 1992. DSS argued that the juvenile panel's review was proper under § 43-287.01 because its plan did not contemplate that it would be responsible for those costs and because the county court's plan differed from DSS' plan, thereby fulfilling the requirements of § 43-287.01.

However, DSS' plan, as spelled out in the predispositional investigation report, addressed the issue of costs only by stating that the expense was an obstacle to placing A.K. in the treatment program he needed. The plan did not address the costs of detention prior to adjudication, nor did it state that DSS would refuse to pay for A.K.'s treatment.

This case does not meet the requirements for expedited review under § 43-287.01 and *In re Interest of M.J.B.*, 242 Neb. 671, 496 N.W.2d 495 (1993). The court's order did not implement a different plan than that proposed by DSS. The court adopted the plan's recommendation that A.K. receive treatment at the Griffith Center in Colorado. The plan did not explicitly or implicitly discuss or otherwise address the cost of the plan or who would be responsible for that cost. Both DSS and the court were concerned with finding a treatment program for A.K., but the court did not order a different plan than what DSS had proposed. The first part of the test for expedited review has not been met.

No argument is advanced by DSS that A.K.'s best interests are served by the county, rather than DSS, taking responsibility for the costs of his detention. As between two governmental entities, Scotts Bluff County and DSS, it makes no difference to the affected juvenile which one pays the cost of his detention. This is different from *In re Interest of M.J.B., supra*, where the choice for payment of treatment was between the juvenile's father and DSS. Here, the juvenile's best interests are that he receive the treatment, irrespective of which governmental body pays for it. Consequently, the second element of the disjunctive

test has not been satisfied either. Therefore, we find that the juvenile review panel did not have jurisdiction to consider DSS' request for review. Because the panel did not have jurisdiction, neither does this court. See, *Garber v. State*, 241 Neb. 523, 489 N.W.2d 550 (1992); *In re Estate of Seidler*, 241 Neb. 402, 490 N.W.2d 453 (1992) (holding that where the court or tribunal from which the appeal was taken lacked jurisdiction, an appellate court acquires no jurisdiction). Since the juvenile review panel lacked jurisdiction, its order of affirmance of the county court's order is a nullity and must be vacated.

## DSS' APPEAL TO DISTRICT COURT

With the finding that the juvenile review panel lacked jurisdiction, the county court's order requiring DSS to pay A.K.'s detention costs would normally remain in effect. However, DSS hedged by taking an appeal of the county court's order to district court also. Therefore, we now turn to DSS' other appeal. This appeal addresses the district court's holding, based on *In re Interest of M.J.B., supra*, that it lacked jurisdiction to consider the merits of the county court's order.

Using the disjunctive test as outlined above, the Supreme Court in *In re Interest of M.J.B.* found that the county court had rejected the part of DSS' plan which implicitly called for the juvenile's father to pay for therapy which DSS recommended the father undergo. The county court instead ordered that DSS pay for the therapy. The county court therefore implemented a different plan than that prepared by DSS, thereby satisfying the first part of the test. The second part of the test was met by DSS' belief that the best interests of the juvenile would be served by his father's assuming responsibility for the cost of his own rehabilitation. The Supreme Court held that the order in question was a disposition of the type contemplated by §§ 43-287.01 and 43-287.03, saying that it is a dispositional hearing when the issue is the allocation of financial responsibility under § 43-290. Thus the Supreme Court found that the order appealed from fell within the parameters of the statutes for expedited appeal to a juvenile review panel.

The Supreme Court then considered whether the

expedited appeal to a juvenile review panel was the sole avenue of review available to DSS. Section 43-287.01 provides that nothing in §§ 43-287.01 to 43-287.06 "shall otherwise limit the right of any party to appeal *other* final orders of a juvenile court pursuant to sections 25-2728, 25-2729, 25-2733, 43-2,106, and 43-2,126." (Emphasis supplied.) Because the order in *In re Interest of M.J.B.* was a disposition of the type contemplated by §§ 43-287.01 and 43-287.03, and the order met both parts of the disjunctive test, the Supreme Court found that it was not an "other" final order. It appears, then, that an "other" final order is one which does not meet the criteria for an expedited review. Therefore, since the order in *In re Interest of M.J.B.* was one meeting the test for an expedited appeal to a juvenile review panel, it was not an "other" order. Consequently, the district court lacked jurisdiction, and the appeal was dismissed by the Supreme Court.

Here, we have found that the order appealed from is not of the type required for employment of the expedited appeal process. We consider whether it is an "other" order which could have been appealed under the statutes listed in § 43-287.01. These statutes provide that an appeal from an order of a county court sitting as a juvenile court may be taken by the juvenile; the guardian ad litem; the juvenile's parent, custodian, or guardian (which includes DSS, an association, or an individual who has been awarded custody); or the county attorney. Neb. Rev. Stat. § 25-2728 (Cum. Supp. 1992). An appeal from a final disposition of a county court sitting as a juvenile court may be had to the district court as in civil cases, except as provided in the expedited review statutes. Neb. Rev. Stat. § 43-2,106 (Cum. Supp. 1992). A final order or judgment of a separate juvenile court may be appealed to the Court of Appeals. Neb. Rev. Stat. § 43-2,126 (Cum. Supp. 1992). Under these statutes, DSS properly appealed the county court's order to the district court, and it obviously may be said that the order was an "other" order from which appeal was properly taken to the district court.

Therefore, the district court erred in finding that it lacked jurisdiction. We reverse, and remand with directions to the district court to hear DSS' appeal from the county court's order

which placed the responsibility for A.K.'s detention costs on DSS.

## CONCLUSION

The decision of the district court that it lacked jurisdiction is reversed in case No. A-93-621, and the matter is remanded with directions. The order of the juvenile review panel in case No. A-93-652 is vacated, and that appeal is dismissed.

JUDGMENT IN NO. A-93-621 REVERSED, AND
CAUSE REMANDED WITH DIRECTIONS.
ORDER IN NO. A-93-652 VACATED, AND
APPEAL DISMISSED.