In re Interest of Aaron K., a child under 18 years
of age.
Scotts Bluff County, appellant, v. Department of Social
Services, appellee.
550 N.W.2d 13
Filed July 5, 1996.   No. S-94-835.

Douglas Warner, Scotts Bluff County Attorney, for appellant.

Don Stenberg, Attorney General, Royce N. Harper, Lisa Swinton, and Beth Tallon for appellee.

White, C.J., Caporale, Fahrnbruch, Lanphier, Wright, Connolly, and Gerrard, JJ.

Caporale, J.

The juvenile division of the county court determined that the Department of Social Services was financially responsible for the costs incurred while the subject juvenile, Aaron K., was in its custody and placed in detention. The department

sought review of the county court's decision by both a juvenile review panel and the district court. The juvenile review panel affirmed the decision of the county court; the district court determined that it lacked jurisdiction and thus dismissed the appeal before it. The department then appealed both decisions to the Nebraska Court of Appeals. That court determined that the juvenile review panel lacked jurisdiction but that the district court possessed jurisdiction. The Court of Appeals therefore dismissed the appeal from the juvenile review panel, reversed the judgment of the district court, and remanded the cause thereto with the direction that it entertain the department's appeal. *In re Interest of A.K.*, 2 Neb. App. 662, 513 N.W.2d 42 (1994). Upon doing as directed, the district court reversed the county court's judgment, thereby making Scotts Bluff County financially responsible for the costs of detention. The county thereupon appealed to the Court of Appeals, assigning the district court's ruling as error. Under our authority to regulate our caseload and that of the Court of Appeals, we, on our own motion, removed the matter to our docket. We now reverse the judgment of the district court and remand the cause thereto with the direction that it affirm the judgment of the county court.

The county attorney for Scotts Bluff County filed a petition with the juvenile division of the Scotts Bluff County Court, asking that the court exercise jurisdiction over the subject juvenile as one falling under the provisions of Neb. Rev. Stat. § 43-247(2) and (3)(b) (Reissue 1993) in that he had physically and sexually abused his sister. Section 43-247(2) provides that the juvenile court has jurisdiction of "[a]ny juvenile who has committed an act which would constitute a felony under the laws of this state." Section 43-247(3)(b) also grants the juvenile court jurisdiction when, among other things, any juvenile "deports himself or herself so as to injure or endanger seriously the morals or health of himself, herself, or others."

After the juvenile admitted the allegations in the petition, the county court found that he was indeed a juvenile who fell within the ambit of the above-cited statutory provisions and thus within the county court's jurisdiction. The county court then directed the department to conduct an investigation and

prepare a report for submission at the dispositional hearing. In the meantime, the county court ordered that the juvenile be detained at the Panhandle Juvenile Detention Center, which is now known as West Nebraska Juvenile Services. Although the request for detention was made by the county attorney, the probation officer who testified at the hearing also recommended that the juvenile be detained for an indefinite period of time. No representative of the department was present.

At the August 31, 1992, dispositional hearing, the county court granted the department legal custody of the juvenile for the purpose of placing him in an "adolescent perpetrator" program as soon as one became available. The county court also ordered that pending placement in such a program, the juvenile continue to be detained at West Nebraska Juvenile Services. The juvenile remained at the facility from this time until October 15, 1992, when the department placed him in the Griffith Center's adolescent perpetrator program at Larkspur, Colorado.

On October 20, 1992, the county attorney filed a motion to establish support in this matter. Pursuant to Neb. Rev. Stat. § 43-290 (Reissue 1993), the motion asked the county court to "determine an amount of support to be paid on behlaf [sic] of the juvenile by the juvenile's parent and, or, the costs to be paid by the [department] which are not otherwise paid by the juvenile's parent." Subsequent hearings were held on the limited issue of which individual or entity was responsible for the payment of the court-ordered detention costs. The cost of the juvenile's placement at the Griffith Center was not at issue.

The county court ultimately determined that the juvenile's mother was responsible for his support, but that under the provisions of § 43-290, any portion of those costs not paid by the mother was the department's responsibility. At that time, the county court deferred any determination as to the amount of those costs. Later, the mother stipulated that she would assign to the department a portion of the child support payments she received from the father for the juvenile and their other children. The county court then ordered the mother to do so in order, among other things, to reimburse the department for the costs incurred at West Nebraska Juvenile Services for the

court-ordered detention of the juvenile from August 31 to October 15, 1992. The department was ordered to reimburse Scotts Bluff County for the balance of the detention costs, a total of $5,077.16.

Because the facts in this case are not in dispute, the sole issue is one of statutory interpretation, a question of law in connection with which an appellate court is obligated to reach an independent conclusion irrespective of the determination made by the court below. See *In re Interest of Rondell B.*, 249 Neb. 928, 546 N.W.2d 801 (1996). The resolution of this case turns on the interpretation of § 43-290, the stated purpose of which is to promote parental responsibility and to provide for the equitable use and availability of public money. It provides, in pertinent part:

> Pursuant to the petition filed by the county attorney or any reputable person in accordance with section 43-274, whenever the care or custody of a juvenile is given by the court to someone other than his or her parent, which shall include placement with a state agency, or when a juvenile is given medical, psychological, or psychiatric study or treatment under order of the court, the court shall make a determination of support to be paid by a parent for the juvenile at the same proceeding at which placement, study, or treatment is determined or at a separate proceeding. . . .
>
> At such proceeding, after summons to the parent of the time and place of hearing served as provided in sections 43-262 to 43-267, the court may order and decree that the parent shall pay, in such manner as the court may direct, a reasonable sum that will cover in whole or part the support, study, and treatment of the juvenile, which amount ordered paid shall be the extent of the liability of the parent. The court in making such order shall give due regard to the cost of study, treatment, and maintenance of the juvenile, the ability of the parent to pay, and the availability of money for the support of the juvenile from previous judicial decrees, social security benefits, veterans benefits, or other sources. . . .
>
> . . . .

*If the juvenile has been committed to the care and custody of the Department of Social Services, the department shall pay the costs for the support, study, or treatment of the juvenile which are not otherwise paid by the juvenile's parent.*

(Emphasis supplied.)

Based on the emphasized portion of § 43-290, Scotts Bluff County contends that it was the department's responsibility to pay the costs associated with detaining the juvenile until he could be placed in a treatment program. The county points out that the juvenile had been placed in the custody of the department at the August 31, 1992, dispositional hearing and was held in detention at West Nebraska Juvenile Services from that time until his placement in the Griffith Center's adolescent perpetrator program on October 15, 1992. The county argues that under § 43-290, detention costs are encompassed within the term "support," and, thus, the department is responsible for any costs not otherwise paid by the juvenile's mother.

The department, on the other hand, argues that § 43-290 cannot be construed to include detention as a cost which devolves to it, since the statute does not specifically mention detention, directing only that the department pay for the support, study, and treatment of any juvenile committed to it. The department maintains that detention costs associated with the court-ordered detention of a juvenile are more properly understood to be an expense associated with the local administration of justice and thus the responsibility of each individual county.

In construing a statute, a court must look at the statutory objective to be accomplished, the problem to be remedied, or the purpose to be served, and then place on the statute a reasonable construction which best achieves the purpose of the statute, rather than a construction defeating the statutory purpose. *In re Interest of Lisa O.*, 248 Neb. 865, 540 N.W.2d 109 (1995); *In re Guardianship & Conservatorship of Bloomquist*, 246 Neb. 711, 523 N.W.2d 352 (1994); *Durand v. Western Surety Co.*, 245 Neb. 649, 514 N.W.2d 840 (1994).

Statutes pertaining to the same subject matter are to be construed together as if they were one law and effect given to every provision. See *State ex rel. Meyer v. County of Banner,*

196 Neb. 565, 244 N.W.2d 179 (1976). The components of a series or collection of statutes pertaining to a certain subject matter may be conjunctively considered and construed to determine the intent of the Legislature so that different provisions of the act are consistent, harmonious, and sensible. *In re Interest of Lisa O., supra*; *In re Application of City of Grand Island*, 247 Neb. 446, 527 N.W.2d 864 (1995); *In re Application of City of Lincoln*, 243 Neb. 458, 500 N.W.2d 183 (1993).

This case is controlled by our recent decision in *In re Interest of Lisa O., supra*. Therein, we held that when a juvenile is committed to the care and custody of the department and temporary detention results for the protection of the child or is found to be in the best interests of the juvenile's physical or mental health needs, the detention is, in fact, "treatment" of the juvenile as the term is used in § 43-290.

In so holding, we rejected the argument that court-ordered detention costs should be considered within the local administration of justice and hence the responsibility of each individual county. The reason we came to that conclusion is that a juvenile offender is not similarly situated as an adult criminal offender. A juvenile offender is ordinarily committed to a public institution to effect treatment or rehabilitation, and not for the purpose of punishment. See, also, *In re Interest of A.M.H.*, 233 Neb. 610, 447 N.W.2d 40 (1989).

In relation to the facts in this case, it is clear that the court-ordered detention of the juvenile cannot be characterized as "support" within the meaning of § 43-290. It is more properly understood to be treatment, which is defined as meaning "preventive guidance and corrective training esp. of juvenile delinquents and youthful criminal offenders . . . ." Webster's Third New International Dictionary, Unabridged 2435 (1993). We have previously held that the confinement of a juvenile in a detention center for a weekend was the exact type of treatment necessary for that juvenile's guidance and safekeeping until the juvenile court had an opportunity to review the circumstances. *In re Interest of Lisa O., supra*.

This case is even stronger, for here the juvenile admitted the allegations that he sexually and physically abused his sister. As

a consequence, he was made a ward of the state. The purpose of his detention at West Nebraska Juvenile Services was both to facilitate the juvenile's placement in an adolescent perpetrator program and to shield his sibling from his abusive behavior. Because at least one purpose of the detention was to facilitate the juvenile's placement into a treatment program, the detention constituted treatment of a juvenile as that term is used in § 43-290.

Consequently, the department is required by § 43-290 to reimburse Scotts Bluff County for the costs of the court-ordered detention of the juvenile which are not otherwise paid by his mother.

Accordingly, the judgment of the district court is reversed and the cause remanded with the direction that it affirm the judgment of the county court.

REVERSED AND REMANDED WITH DIRECTION.