ROBERT E. KROLL, APPELLANT, V.
DEPARTMENT OF MOTOR VEHICLES, APPELLEE.
590 N.W. 2d 861

Filed March 26, 1999.   No. S-98-574.

Timothy W. Nelsen, of Fankhauser, Nelsen & Werts, P.C., for appellant.

Don Stenberg, Attorney General, and Paul N. Potadle for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

On or about April 30, 1997, the Nebraska Department of Motor Vehicles (Department) notified Robert E. Kroll that his Georgia operator's license was under suspension or revocation and that failure to obtain a clearance letter from that state would result in summary revocation of his Nebraska operator's license which had been issued on March 28. Upon receipt of this notification, Kroll filed a "Petition for Review of an Administrative Decision" in the district court for Nemaha County. On February 23, 1998, the district court entered an order reciting that trial was held on January 26 and determining that "the decision of Alvin Abramson, Director of the Department of Motor Vehicles which in substance provides for the administrative revocation of the Plaintiff Robert E. Kroll's drivers [sic] license under and pursuant to Neb. Rev. Stat. § 60-487 [(Reissue 1998)] is hereby reversed and vacated." The order further directed the Department to reinstate Kroll's driving privileges and enjoined the Department "from removing those privileges in the future as a result of the suspension of his driving privileges in the State of Georgia." No appeal was taken from this order.

Subsequently, on April 10, 1998, the district court entered an order reciting that trial was held on January 26, but finding in favor of the Department. This order included a specific finding "[t]hat the revocation of [Kroll's] operator's license by the Nebraska Department of Motor Vehicles pursuant to Neb. Rev. Stat. § 60-487 [(Reissue 1998)] is affirmed." However, it made no reference to the order of February 23 in which it had reached the opposite result.

Upon entry of the April 10, 1998, order, Kroll filed a motion for new trial, which was denied. He then appealed to the Nebraska Court of Appeals, which on September 9, 1998, summarily dismissed the appeal pursuant to Neb. Ct. R. of Prac. 7A(2) (rev. 1996), stating: "Order filed April 10, 1998, is declared void for lack of jurisdiction in view of trial court's order of February 23, 1998, from which no appeal was taken." We granted the Department's petition for further review.

## ASSIGNMENTS OF ERROR

The Department asserts the Court of Appeals erred in dismissing the case for lack of jurisdiction and in reinstating the district court's order of February 23, 1998.

## SCOPE OF REVIEW

The determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusions independent from those of the trial court. *State v. Jacob, ante* p. 492, 591 N.W.2d 541 (1999); *State v. Dvorak*, 254 Neb. 87, 574 N.W.2d 492 (1998).

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *State v. Jacob, supra; State v. Silvers*, 255 Neb. 702, 587 N.W.2d 325 (1998). The Motor Vehicle Operator's License Act is codified at Neb. Rev. Stat. §§ 60-462 to 60-4,1888 (Reissue 1993, Cum. Supp. 1996, & Supp. 1997). See § 60-462. The act defines "revocation" of a license as "the termination by a court of competent jurisdiction or by formal action of the Department of Motor Vehicles of a person's operator's license, which termination shall not be subject to renewal or restoration." § 60-476.01. Specifically, the act provides in part, "No person shall be licensed to operate a motor vehicle by the State of Nebraska if such person has an operator's license currently under suspension or revocation in any other state or jurisdiction in the United States." § 60-486. The act authorizes the director of the Department to summarily revoke a license if his or her official records affirmatively show

that the person to whom such license was issued was not eligible to receive the license. § 60-487.

The letter Kroll received from the Department in April 1997 advised him to contact officials in Georgia for information regarding the requirements for clearing the status of his operator's license in that state and instructed him to mail or fax the necessary information to the Department by June 16. The letter specifically informed Kroll that "[f]ailure to receive [sic] a clearance letter to this Department by the above date will result in the summary revocation of [Kroll's license] pursuant to Nebraska Revised Statute 60-487." On the same day that Kroll filed his "Petition for Review of an Administrative Decision," the Department received from him a money order in the amount of $205 to cover "the bond and the cost of the transcript required under Section 60-4,105 Nebraska Revised Statute."

Section 60-4,105 provides for appeals from certain orders of the Department. The statutory language makes it clear that appeals must be from final orders of the Department, providing in part, "The ruling, order, or decision of the director in refusing to issue or reinstate such license or in suspending, canceling, or revoking the same shall be as final and binding as the final order or judgment of a court of general jurisdiction." § 60-4,105. The threshold issue, therefore, is whether the letter Kroll received from the Department was a final, appealable order.

Orders which specify that a trial court will exercise its jurisdiction based upon future action or inaction by a party are conditional and therefore not appealable. *Deuth v. Ratigan, ante* p. 419, 590 N.W.2d 366 (1999) (order stating that foreign judgment would be enforced in Nebraska unless party had it set aside by foreign court is conditional order); *State ex rel. Fick v. Miller*, 252 Neb. 164, 560 N.W.2d 793 (1997) (judgment awarding attorney fees in amount to be determined at later date is conditional and not final, appealable order). Likewise, an administrative order requiring further action of the parties is conditional and therefore not appealable. *Garber v. State*, 241 Neb. 523, 489 N.W.2d 550 (1992) (order of Nebraska Motor Vehicle Industry Licensing Board terminating franchise agreement

" 'effective when a replacement dealer is found and the Board is notified' " is conditional and not final, appealable order).

We conclude that in the present case, the April 30, 1997, letter was conditional because it contemplated further action by the parties. The letter specifically provided that summary revocation of Kroll's license would occur only if no clearance letter from the State of Georgia was received by June 16. This cannot be considered a formal, final action by the Department because it "does not perform in praesenti, and thus leaves to speculation and conjecture what its final effect may be . . . ." *Id.* at 524, 489 N.W.2d at 551. See §§ 60-476.01 and 60-4,105. Although the letter expressed the Department's intent to revoke Kroll's operator's license if he did not take the requested remedial action, the record contains no order actually revoking the license pursuant to § 60-487. Because there was no final, appealable administrative order, the district court never acquired jurisdiction and both of its conflicting orders are thus void. See *Kuhlmann v. City of Omaha*, 251 Neb. 176, 556 N.W.2d 15 (1996). When a lower court does not have jurisdiction over the case before it, an appellate court also lacks jurisdiction to review the merits of the claim. *Henderson v. Department of Corr. Servs., ante* p. 314, 589 N.W.2d 520 (1999).

Thus, although not for the reason it articulated, we agree with the Court of Appeals that the district court's order of April 10, 1998, was void and that the appeal from that order should be dismissed. We also determine that the district court's order of February 23, 1998, was void and remand the cause to the Court of Appeals to vacate the judgment of the district court because of that court's lack of subject matter jurisdiction.

AFFIRMED AND REMANDED WITH DIRECTIONS.