IN RE INTEREST OF MARIE E., A CHILD UNDER 18 YEARS OF AGE. COUNTY OF LANCASTER, APPELLANT, V. OFFICE OF JUVENILE SERVICES, A BRANCH OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES OF THE STATE OF NEBRASKA, APPELLEE.

621 N.W.2d 65

Filed December 22, 2000.   No. S-00-440.

Gary E. Lacey, Lancaster County Attorney, and David W. Johnson, Jr., for appellant.

Samuel G. Kaplan, of the Office of Juvenile Services, Nebraska Department of Health and Human Services, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

### NATURE OF CASE

Lancaster County, Nebraska, appeals from the March 27, 2000, order of the separate juvenile court of Lancaster County,

which overruled the county's motion for assessment of costs against the Nebraska Department of Health and Human Services (DHHS). Marie E., a juvenile, was adjudicated under Neb. Rev. Stat. § 43-247(1) and (2) (Reissue 1998) and placed in the custody of DHHS for evaluation. In its motion, the county sought an order assessing costs against DHHS for the period of time between the adjudication and the time when DHHS took physical custody of Marie, during which period Marie was housed in a county facility. For the reasons stated below, we conclude that DHHS was responsible for the costs of care of Marie following the adjudication which placed Marie in the custody of DHHS for evaluation. Accordingly, we reverse the juvenile court's order and remand the cause with directions to grant the county's motion and to assess the costs at issue against DHHS.

## STATEMENT OF FACTS

On April 13, 1999, the juvenile court adjudicated Marie, whose date of birth is October 15, 1983, a juvenile under § 43-247(1) and (2). The record shows that Marie had committed acts which would constitute a misdemeanor and a felony under Nebraska state law. The juvenile court found that Marie had (1) falsely endorsed a check written on her grandmother's checking account in an amount more than $75 but less than $300, in violation of Neb. Rev. Stat. § 28-603(1) and (3) (Reissue 1995), a Class IV felony, and (2) falsely endorsed a check written on a third party's checking account, in an amount equal to or less than $75, in violation of § 28-603(1) and (4), a Class I misdemeanor. In the April 13 adjudication order, the juvenile court "committed" Marie to the "custody" of DHHS, Office of Juvenile Services, for a residential evaluation. Such a placement for purposes of evaluation prior to disposition is authorized under Neb. Rev. Stat. § 43-413(1) and (3) (Reissue 1998). We interpret the juvenile court's use of the word "committed" to mean "placed," in accordance with § 43-413(1), which provides, inter alia, that a court may "place a juvenile" with DHHS for "an evaluation to aid the court in the disposition."

The Office of Juvenile Services (OJS) is an office within DHHS. See Neb. Rev. Stat. § 43-403 (Reissue 1998). For pur-

poses of this opinion, we generally refer to both OJS and DHHS as "DHHS."

In its April 13, 1999, order the juvenile court further ordered that after DHHS had completed its residential evaluation of Marie, Marie would again be brought before the court for final disposition. At the time of the adjudication hearing, Marie was physically in the county's custody and was being detained at the Jennie B. Harrel Attention Center for Youth in Lincoln (the attention center).

Although Marie was adjudicated on April 13, 1999, DHHS did not take physical custody of her until April 26, and accordingly, from April 13 to 26, Marie was physically detained at the attention center. On May 4, the county sent a statement to DHHS in the amount of $2,298.66, seeking payment for the county's costs in detaining Marie from April 13 to 26. DHHS declined to pay the statement.

On March 7, 2000, the county filed a motion for the assessment of costs in Marie's juvenile proceeding. In the motion, the county sought an order from the juvenile court assessing the county's costs in detaining Marie from April 13 to 26, 1999, against DHHS. According to the affidavit of Dennis Banks, the director of the attention center, submitted in support of the county's motion, until DHHS accepted physical custody of Marie, she remained at the attention center, at the cost of $176.82 per day, for a total cost of $2,298.66.

On March 9, 2000, a hearing was held on the county's motion. On March 23, the juvenile court overruled the county's motion. The juvenile court found that at the time of the April 13, 1999, adjudication order, DHHS did not have adequate space available to perform Marie's residential evaluation, and as a result, DHHS "hous[ed]" Marie until it could locate evaluation space. The juvenile court reasoned that under § 43-413(4), DHHS did not have any responsibility for Marie until she was physically at its facility undergoing an evaluation.

In support of its order, the juvenile court distinguished prior precedent of this court addressing the issue of which entity is responsible for the maintenance costs of juveniles, and interpreted those cases as relevant solely to juveniles adjudicated under § 43-247(3)(a) (neglect) and not relevant to juveniles

adjudicated, as was Marie, under § 43-247(1) or (2) (law violation). The juvenile court thus concluded that the county was responsible for the postadjudication detention costs and declined to order DHHS to pay such costs. The county appeals.

## ASSIGNMENT OF ERROR

On appeal, the county assigns two errors which combine to form one. The county claims that under the controlling statutes, the juvenile court erred in overruling its motion to assess costs against DHHS.

## STANDARD OF REVIEW

■ Statutory interpretation is a matter of law, in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *Sharkey v. Board of Regents, ante* p. 166, 615 N.W.2d 889 (2000).

## ANALYSIS

■ As an initial matter, we note that DHHS claims that the juvenile court, as a statutory tribunal, did not have jurisdiction to resolve the dispute regarding costs in the instant case. DHHS cites no legal authority in its brief for this proposition. This issue has been resolved against DHHS in our previous cases. See, e.g., *In re Interest of Jeremy T.*, 257 Neb. 736, 600 N.W.2d 747 (1999); *In re Interest of Aaron K.*, 250 Neb. 489, 550 N.W.2d 13 (1996); *In re Interest of Lisa O.*, 248 Neb. 865, 540 N.W.2d 109 (1995). This claim has no merit.

This case presents the issue of whether DHHS should be ordered to reimburse the county for the costs incurred by the county in detaining Marie after an adjudication order placing Marie in the custody of DHHS for an evaluation pending DHHS' taking physical custody of Marie for purposes of the court-ordered residential evaluation. Given the terms of the adjudication order and the relevant statutes, and by reference to precedent of this court, we conclude that DHHS is responsible for the costs incurred as a result of the detention of Marie. Accordingly, we reverse the juvenile court's order denying the county's motion for assessment of costs against DHHS and remand the cause with directions to assess such costs against DHHS.

In accordance with 1996 Neb. Laws, L.B. 1044, changes were made in several executive branch departments of the state government. One such change was to transfer OJS, which had been a part of the Department of Correctional Services, to DHHS for administrative purposes. See *In re Interest of David C.*, 6 Neb. App. 198, 572 N.W.2d 392 (1997). In 1998, the Nebraska Legislature passed the Health and Human Services, Office of Juvenile Services Act, Neb. Rev. Stat. §§ 43-401 to 43-423 (Reissue 1998 & Cum. Supp. 2000). Section 43-413(1) of the Health and Human Services, Office of Juvenile Services Act provides, inter alia, that "[a] court may, pursuant to section 43-281, place a juvenile with the Office of Juvenile Services or the Department of Health and Human Services for an evaluation to aid the court in the disposition." Section 43-413(4) provides that "[a]ll costs incurred during the period in which the juvenile is being evaluated at a state facility or a program funded by the Office of Juvenile Services are the responsibility of the state unless otherwise ordered by the court pursuant to section 43-290." In this appeal, DHHS admits that under § 43-413(4), during the period when the juvenile is being evaluated, DHHS is to pay all costs. Thus, there is no dispute in the instant case that under § 43-413(4), the statute's use of the term "state" means DHHS. Compare *Muir v. Nebraska Dept. of Motor Vehicles, ante* p. 450, 618 N.W.2d 444 (2000).

At issue in this case is the responsibility for the costs incurred after the juvenile has been placed in the custody of DHHS for evaluation but prior to DHHS' taking physical custody of the juvenile. The statutes are silent as to what person or entity is responsible for maintenance costs during this time period.

In construing a statute, a court must look at the statutory objective to be accomplished, the problem to be remedied, or the purpose to be served, and then place on the statute a reasonable construction which best achieves the purpose of the statute, rather than a construction defeating the statutory purpose. *In re Estate of Myers*, 256 Neb. 817, 594 N.W.2d 563 (1999); *Central States Found. v. Balka*, 256 Neb. 369, 590 N.W.2d 832 (1999). By its language, the purpose of § 43-413(4) is to make the state responsible for the costs incurred in evaluating a juvenile under § 43-413(1). We conclude that in the absence of the immediate

physical delivery of the juvenile upon adjudication into an evaluation program, detention is an unavoidable precursor of evaluation and is, therefore, part of the evaluation process under § 43-413, the cost of which is the responsibility of DHHS. Pursuant to § 43-413(4), the costs of the detention are the responsibility of DHHS.

Our interpretation of § 43-413(4) is supported by similar prior decisions of this court under the general provisions of the Nebraska Juvenile Code, Neb. Rev. Stat. §§ 43-245 to 43-247 (Reissue 1998). In *In re Interest of Aaron K.*, 250 Neb. 489, 550 N.W.2d 13 (1996), pursuant to a petition filed by the Scotts Bluff County Attorney, Aaron was adjudicated a juvenile under § 43-247(1). At the adjudication hearing, the county court, sitting as a juvenile court, ordered the Department of Social Services (the department), the predecessor to DHHS, to conduct an investigation and prepare a report for submission at Aaron's dispositional hearing. Pending the dispositional hearing, the juvenile court ordered Aaron detained at the Panhandle Juvenile Detention Center. Thereafter, a dispositional hearing was held and the juvenile court granted the department legal custody of Aaron in order to place him in an adolescent perpetrator program as soon as space became available. Pending physical placement in such program, the juvenile court ordered that Aaron continue to be detained at the Panhandle Juvenile Detention Center. Ultimately, Aaron was placed in a program in accordance with the juvenile court's dispositional order.

Following physical placement of Aaron in the adolescent perpetrator program in *In re Interest of Aaron K.*, the county attorney filed a motion seeking to establish responsibility for the costs incurred in detaining Aaron pending his physical placement in the adolescent perpetrator program. After a series of hearings, the juvenile court determined that any costs which were not paid by Aaron's mother were the responsibility of the department.

On appeal to this court, the department argued that under Neb. Rev. Stat. § 43-290 (Reissue 1993), it was responsible for costs related to a juvenile's "support, study, and treatment," 250 Neb. at 493, 550 N.W.2d at 16, but because detention costs were not enumerated under the statute, the county of Scotts Bluff was responsible for the costs in detaining Aaron.

On appeal, we affirmed the order of the juvenile court. We rejected the department's argument and held that the department was responsible for the costs incurred in detaining Aaron until he could be physically placed in the program. We determined that because at least one purpose of detaining Aaron "was to facilitate [his] placement into a treatment program, the detention constituted treatment of a juvenile as that term is used in § 43-290." 250 Neb. at 495, 550 N.W.2d at 17. We noted that under § 43-290, the department was responsible for costs incurred in treating juveniles in its "care and custody," and, therefore, we held that the department was responsible for the costs incurred in detaining Aaron until he could be placed in a treatment program. See, also, *In re Interest of Jeremy T.*, 257 Neb. 736, 600 N.W.2d 747 (1999) (when DHHS has custody of juvenile, DHHS is responsible for costs incurred in caring for juvenile); *In re Interest of Lisa O.*, 248 Neb. 865, 540 N.W.2d 109 (1995) (detention is part of treatment, and pursuant to § 43-290, DHHS is responsible for costs of treatment).

In the instant case, the juvenile court placed Marie with DHHS for purposes of a residential evaluation. Pursuant to § 43-413(4), the State is responsible for "[a]ll costs incurred during the period in which the juvenile is being evaluated . . . ." The record shows that Marie was detained at the attention center pending her physical delivery to a DHHS facility. It is thus apparent that one of the purposes served in detaining Marie at the attention center was to facilitate her placement in a residential evaluation program. In the absence of DHHS' having immediate space in an evaluation program, Marie's detention was an inevitable precursor of her evaluation, necessary to ensure her participation in the residential evaluation. We determine that the detention of Marie constituted "evaluation" of the juvenile as that term is used in § 43-413(4). Accordingly, DHHS was responsible for the costs incurred in detaining Marie at the attention center. The juvenile court erred in concluding otherwise.

As a final matter, we observe that the juvenile court in the instant case declined to assess the detention costs against DHHS on the understanding that Marie was adjudicated under § 43-247(1) and (2) and that prior decisions of this court that assigned juvenile costs against DHHS were limited solely to

juveniles who had been adjudicated under § 43-247(3). The juvenile court misperceived our prior decisions. As we stated in *In re Interest of Jeremy T.*, 257 Neb. at 743-44, 600 N.W.2d at 754, regardless of "whether a juvenile is adjudged to be under § 43-247(1) or § 43-247(3)(a)—the Department remains responsible for the costs of placing and caring for juveniles within its custody." Accordingly, where as here the juvenile was placed in the custody of DHHS for evaluation and given the language of § 43-413(1) and (4), DHHS was responsible for the detention costs for Marie, a juvenile who had been adjudicated under § 43-247 (1) and (2).

## CONCLUSION

For the reasons set forth herein, we reverse the decision of the juvenile court overruling the county's motion to assess costs and remand the cause with directions to grant the county's motion and assess the costs for Marie's care at the attention center from April 13 to 26, 1999, against DHHS.

REVERSED AND REMANDED WITH DIRECTIONS.