742 N.W.2d 791 (2007)
16 Neb. App. 240
In re Interest of MICHAEL S., a Child Under 18 Years of Age.
State of Nebraska, Appellee,
v.
Michael S., Appellee, and
Nebraska Department Of Health and Human Services, Appellant.
No. A-07-467.
Court of Appeals of Nebraska.
December 11, 2007.
*792 John M. Baker, and, on brief, Charles E. Dorwart, Special Assistant Attorney General, for appellant.
Dennis P. Marks, Omaha, for appellee Michael S.
Sandra K. Markley and Gary E. Brollier, Deputy Sarpy County Attorneys, for appellee State of Nebraska.
INBODY, Chief Judge, and CARLSON and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
The Nebraska Department of Health and Human Services (DHHS) appeals from an order which placed custody of Michael S. with the Office of Juvenile Services (OJS) for purposes only of an evaluation, remanded the child's custody to the Sarpy County sheriff's office for placement in secure detention pending further proceedings, and ordered that OJS continue to be responsible for all costs associated with the order not covered by insurance. We conclude that the juvenile court properly placed the child with OJS for an evaluation but exceeded its statutory authority in ordering OJS to pay for all costs not covered by insurance. We therefore reverse, and remand with directions.

BACKGROUND
In an order filed on December 2, 2005, the juvenile court adjudicated the child under Neb.Rev.Stat. § 43-247(3)(b) (Reissue 2004) because he had been habitually truant from school. On March 2, 2006, following a disposition review hearing, the court placed the child on probation and stated that if the child violated rules and regulations, the child could be placed in *793 secure or staff-secure detention. On February 8, 2007, a capias was issued because the child's whereabouts were unknown. Following a hearing, the court vacated the capias, placed the child in the custody of the Sarpy County sheriff's office for placement in staff-secure detention pending further proceedings, and also ordered that the child be placed in the temporary joint custody of DHHS for placement pending further proceedings.
On March 12, 2007, Sarpy County filed an amended supplemental juvenile petition alleging that the child engaged in criminal mischief, causing pecuniary loss of less than $200. In an order filed March 20, the court indicated that it held an arraignment on March 12, adjudicated the child under § 43-247(1), and proceeded to immediate disposition. In a separate March 20 order, the court stated that it held a disposition review on March 12 and that it found the child was adjudged to be within § 43-247(3)(a) on January 29. (Nothing in the record shows an adjudication under § 43-247(3)(a) or a proceeding on January 29.) The court ordered that the matter be continued to May 14 for a disposition review hearing and that the child remain in the custody of OJS. The order further set forth conditions for the child to follow.
On March 26, 2007, the county attorney filed a motion for capias because the child (1) assaulted his grandfather, (2) was truant from school, (3) canceled therapy appointments, (4) unplugged his OJS electronic monitor, and (5) arranged an unsupervised and unauthorized visit with his mother. Also on March 26, Sarpy County filed a motion for review of disposition based on the above events.
On March 27, 2007, the court held a capias review hearing. During the hearing, an employee of DHHS recommended an OJS evaluation for the child and continued placement at the sheriff's office, the Juvenile Justice Center, or the Douglas County Youth Center. In an order filed on March 28, the court stated that further detention of the child was a matter of immediate and urgent necessity and that the matter was continued to May 14 for a disposition review hearing. The court ordered that it was in the best interests of the child to have an evaluation through OJS, and the court ordered that the child be placed in the custody of OJS for purposes only of the evaluation. The court ordered that the child "be remanded to the custody of the Sarpy County Sheriff for placement at the Juvenile Justice Center or secure detention for detention pending further proceedings." The court further ordered that OJS continue to be responsible for all costs associated with the order not covered by insurance. Finally, the court ordered that the capias previously issued be vacated.
DHHS timely appeals from the March 28, 2007, order.

ASSIGNMENTS OF ERROR
DHHS alleges that the court erred as a matter of law in (1) placing the child's temporary custody with OJS prior to adjudication on the motion for review of disposition and (2) directing OJS to pay for all of the costs of the child's care and detention prior to adjudication and disposition on the motion for review.

STANDARD OF REVIEW
[1] Statutory interpretation presents a question of law, on which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. In re Interest of Teneko P., 15 Neb.App. 463, 730 N.W.2d 128 (2007).

ANALYSIS
DHHS argues in its brief that OJS should not be responsible for costs associated *794 with the care and custody of the child prior to disposition. DHHS cites to statutes such as Neb.Rev.Stat. §§ 43-254 and 43-413 (Reissue 2004) in support of its position.
[2] At oral argument, however, DHHS abandoned its earlier characterization of the order at issue as being entered prior to adjudication. As DHHS now concedes, on December 2, 2005, the juvenile court adjudicated the child under § 43-247(3)(b), and on March 20, 2007, the court adjudicated the child under § 43-247(1). Adjudication means that a child is a juvenile within the meaning of the Nebraska Juvenile Code, whereas a disposition addresses promotion and protection of a juvenile's best interests. In re Interest of Joshua M. et al, 256 Neb. 596, 591 N.W.2d 557 (1999). A ruling on a motion to review disposition is not an "adjudication" as that term is used in the juvenile code. Because the child had been adjudicated, we find § 43-254  which is found in the juvenile code under "preadjudication procedures"to be inapplicable.
As DHHS recognizes in its brief, the Office of Juvenile Services Act distinguishes between placement with OJS and commitment to OJS' custody for purposes of that act. Neb.Rev.Stat. § 43-403(2) (Reissue 2004) defines "committed" as "an order by a court committing a juvenile to the care and custody of [OJS] for treatment." On the other hand, "placed for evaluation" means "a placement with [OJS] for purposes of an evaluation of the juvenile." § 43-403(6). The order at issue stated that "the child herein is hereby placed in the custody of [OJS] for purposes of the evaluation only." And under § 43-413(1), a court may, following an adjudication but prior to final disposition, place a juvenile with OJS for an evaluation. DHHS concedes that the juvenile court properly placed the child with OJS for purposes of an evaluation.
[3] The primary issue is whether the court erred in ordering that OJS "shall continue to be responsible for all costs associated with the [o]rder herein not covered by insurance." We note that the court's order did not "commit" the child to OJS* custody, and we therefore do not discuss statutes such as § 43-413(3) and Neb.Rev.Stat. § 43-408 (Cum.Supp.2006), which concern a juvenile who has been committed to OJS' custody.
In In re Interest of Marie E., 260 Neb. 984, 621 N.W.2d 65 (2000), the Nebraska Supreme Court determined that the purpose of § 43-413(4) was to make the Statemeaning DHHSresponsible for the costs incurred in evaluating a juvenile under § 43-413(1). The In re Interest of Marie E. court stated that in the absence of the immediate physical delivery of the juvenile upon adjudication into an evaluation program, detention was an unavoidable precursor of evaluation and was part of the evaluation process under § 43-413, the cost of which was the responsibility of DHHS. At the time of the decision in In re Interest of Marie E., § 43-413(4) (Reissue 1998) stated, "All costs incurred during the period in which the juvenile is being evaluated at a state facility or a program funded by [OJS] are the responsibility of the state unless otherwise ordered by the court pursuant to section 43-290." In 2001, the Legislature made substantial changes to the statute, see 2001 Neb. Laws, L.B. 640, and § 43-413(4) (Reissue 2004) now provides:
During any period of detention or evaluation prior to disposition:
(a) Except as provided in subdivision (4)(b) of this section, the county in which the case is pending is responsible for all detention costs incurred before and after an evaluation period prior to disposition, the cost of delivering the juvenile to the facility or institution for an evaluation, and the cost of returning the juvenile to the court for disposition; and

*795 (b) The state is responsible for (i) the costs incurred during an evaluation unless otherwise ordered by the court pursuant to section 43-290 and (ii) the preevaluation detention costs for any days over the first ten days from the date the evaluation is ordered by the court.
Pursuant to § 43-413(5), OJS is "not responsible for predisposition costs except as provided in subdivision (4)(b) of this section."
We conclude that the juvenile court erred in making OJS responsible for all costs not covered by insurance. Under the plain language of § 43-413(4)(b), Sarpy County is responsible for the cost of the first 10 days of detention after the court ordered the OJS evaluation. Under § 43-413(4)(a), Sarpy County is also responsible for all detention costs incurred after an evaluation period prior to disposition, the cost of delivering the child to the facility or institution for an evaluation, and the cost of returning the child to the court for disposition.

CONCLUSION
We conclude that the juvenile court properly placed the child in the custody of OJS for purposes of an evaluation after the child had been adjudicated under § 43-247. We conclude that the court erred in making OJS responsible for all costs associated with the order which were not covered by insurance. We therefore reverse the juvenile court's order and remand the matter with directions to allocate between OJS and Sarpy County the costs associated with the child's evaluation in accordance with § 43-413(4) and (5).
REVERSED AND REMANDED WITH DIRECTIONS.