[Civil No. 3965. Filed June 6, 1938.]

[79 Pac. (2d) 958.]

## BRIGHAM PETERSON, Appellant, v. ROSS OVER-SON, Appellee.

Mr. Dodd L. Greer, for Appellant.

Mr. M. V. Gibbons, for Appellee.

LOCKWOOD, J.—Ross Overson, hereinafter called plaintiff, brought suit against Brigham Peterson, hereinafter called defendant, praying for an injunction preventing defendant from using a certain irrigation ditch. The case was heard by the court sitting

without a jury. The evidence, except as to one point, was not in dispute, and developed the following facts:

Plaintiff and defendant are respectively the owners of certain tracts of land in Apache county, both of which are irrigated. The irrigation ditch used by defendant runs over the land of plaintiff, and has done so for many years. Originally it was only about one and a half feet deep and two feet wide, but owing to the character of the soil and the fall of the ditch, it has gradually eroded the land until in some places it is seven feet deep and twenty feet wide. Plaintiff has made repeated demands upon defendant that he so maintain the ditch that it would no longer erode, but, although defendant has made some effort to check the erosion, he has failed to succeed. Defendant alleged in his pleading that he was the owner of certain lands under contract of purchase from the state, upon which he could, and would, construct a ditch which would take the place of the one running over plaintiff's land, were it not for the fact that plaintiff was in possession of such land and refused to allow defendant to construct a ditch over it, and offered evidence to this effect, but the court excluded it as immaterial.

The following findings of fact and conclusions of law were made:

"Findings of Fact.

"I. That the defendant has a right to use such ditch over and upon the lands of plaintiff herein, but that the user thereof has been improper and negligent to the plaintiff's damage.

"II. That by reason of the topography of the land of plaintiff's upon which said ditch is situated, the erosive effects of said water is but natural, and unless curtailed will continue to erode plaintiff's lands until such time as a natural stream bed is formed.

"III. That the precautions taken by defendant to prevent further erosion and damage to plaintiff's land have been inadequate.

"Conclusions of Law.

"The court concludes therefore from the foregoing findings of fact, that the burden is cast upon the user, in this case, the defendant, to maintain and operate said ditch so as not to cause further damage or undue hardship upon the lands of plaintiff,"

and upon them the court rendered the following judgment:

"It is hereby ordered, adjudged and decreed:

"1. That the defendant, Brigham Peterson, be and he is hereby enjoined from the further use of said ditch in and upon the lands of plaintiff, unless the said defendant within a reasonable length of time hereafter, take adequate steps and measures to properly condition said ditch to prevent further erosion of plaintiff's lands."

Whereupon this appeal was taken.

There are two assignments of error: one, that the judgment is conditional and uncertain in its nature; and the other, that the court refused to permit defendant to introduce any evidence in regard to the lands which he had under purchase and upon which he desired to construct another ditch. We consider these errors in their order.

 It is the general rule of law that a judgment must not be conditioned upon a contingency, and that an alternative and conditional judgment is wholly void, and this was especially true under the old system of pleading and practice. 33 C. J. 1196, and cases cited. But modern practice has relaxed this rule in many respects. Section 3834, Revised Code of 1928, reads as follows:

"General form. The judgment of the court shall conform to the pleadings, the nature of the case proved, and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity."

We think under this section that even though the judgment be in the alternative and conditional in form, if it is of such a nature that it may be determined therefrom definitely what rights and obligations pertain to the respective parties, it is sufficient. The judgment in the present case, it is true, might perhaps have been a little more specific in form, but we think there can be no question as to its meaning. It enjoins the defendant from using the ditch in question unless and until he takes adequate steps and measures to so condition it that it will no longer erode plaintiff's land. The judgment is definite as to the present, for further use of the ditch is enjoined. But there is the alternative that if, as, and when the defendant has conditioned the ditch so that it will no longer erode, the injunction will be dissolved. He is not required to follow any particular method, but must satisfy the court affirmatively that the desired result has been reached. We think, under the circumstances of the case, this is the only judgment which would give plaintiff the relief to which he was entitled, with the least possible injury to the rights of defendant. The first assignment of error is not well taken.

The second assignment is that the court refused to allow the defendant to show that he could build a ditch on his own land, but that plaintiff would not allow him to do so. It is obvious, from the defendant's pleading on this point, that there is some dispute between him and plaintiff as to the right of possession of the land over which he seeks to build the new ditch, and also as to his rights to build such a ditch. We think that issues of this nature are not ones which can be tried out properly in the present action. If defendant desires to build some ditch other than the one which he has been using, and is prevented from doing so by plaintiff, he has his proper remedy, but it does not follow that because another ditch might

be constructed somewhere which would not erode the lands of the plaintiff, that the defendant may have his right to build it determined in this action. The second assignment of error is without merit.

The judgment of the superior court of Apache county is affirmed.

McALISTER, C. J., and ROSS, J., concur.