TAMMY S. LEMBURG, THROUGH HER FATHER AND NEXT FRIEND, EUGENE C. LEMBURG, ET AL., APPELLANTS, V. ADAMS COUNTY, NEBRASKA, A POLITICAL SUBDIVISION, ET AL., APPELLEES.

404 N.W.2d 429

Filed April 24, 1987.   Nos. 85-731, 85-732, 85-733, 85-734.

Mark L. Eurek of The Law Office of Mark L. Eurek, P.C., and Allan J. Eurek of Pierson, Ackerman, Fitchett, Akin & Hunzeker, for appellants.

John R. Brownell of Lauritsen, Baker & Brownell, for appellee Adams County.

Douglas Pauley of Conway, Connolly and Pauley, P.C., for appellee Consbruck.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

In this consolidated appeal each minor plaintiff-appellant, Tammy S. Lemburg, Sherry L. Lemburg, Susan K. Lemburg, and Laura J. Lemburg, through her father and next friend, sued defendant-appellee Adams County and the individual defendants Jerome G. Consbruck and Annette M. Hock for damages sustained when the automobile driven by Hock and in which each plaintiff was riding, along with her mother, was involved in a collision. The district court dismissed each action for want of prosecution and denied each plaintiff's motion for reinstatement. Each of the plaintiffs has appealed that denial on the ground that no valid judgment of dismissal was ever entered. We reverse the denials of reinstatement and remand each cause for further proceedings.

Each of the cases in question was filed on May 4, 1982. Although the record does not tell us when, a suit was also filed by the plaintiffs' father in his capacity as personal representative of the estate of the plaintiffs' mother, who was killed in the collision, against Adams County, Consbruck, and Hock. On July 26, 1984, a judgment was entered in favor of Adams County in the case brought for the estate of the plaintiffs' mother. The estate was successful in obtaining a judgment of $35,000 against Hock. It is not clear from the record when this judgment was obtained.

In any event, a pretrial conference in each plaintiff's case was held on December 15, 1983. Each plaintiff announced at that time that she was ready to proceed to trial. However, the court informed the parties that a jury would not be available until the

summer of 1984. The defendants then requested additional time within which to complete discovery. The court ordered that there be an additional pretrial conference, to be scheduled in the late spring nearer to trial, so that defendants could complete discovery and so that research could be conducted as to whether the actions against Adams County needed to be severed from those against the individual defendants. This second pretrial conference was held on May 2, 1984.

In the meantime, on March 7, 1984, the court entered an order, in each plaintiff's case, which reads as follows:

> On the Court's own motion, it is ordered that in the event the above captioned case has not been tried or otherwise disposed of by December 30, 19 84 , the case will thereupon, without further order of the Court, become automatically dismissed for lack of prosecution unless good cause is shown prior thereto that the same should not be dismissed.
>
> Good cause must be presented by written motion supported by Affidavit which will be heard after notice on such date, prior to the above stated date for dismissal as may be arranged with the Court.
>
> It is further ordered that the Court Clerk shall forthwith make service of this order upon each party to this action by mailing a copy of this order to such party's counsel of record, and if none, to such party.

In each plaintiff's case a docket entry dated March 7, 1984, reads, "Dismissal date ordered for December 30, 1984." No further docket entry was made with respect to the foregoing order.

On October 31, 1984, Adams County filed a motion for summary judgment in each plaintiff's case, which was then withdrawn on December 14, 1984. At some time not revealed by the record, each case file was stamped, by some undisclosed individual, "Dismissed for want of prosecution."

In its simplest form the principal argument each plaintiff makes is that the dismissal of her action is a nullity because it was not based upon a judgment directing such action.

A "judgment" is a court's final consideration and determination of the respective rights and obligations of the

parties to an action as those rights and obligations presently exist. *Neujahr v. Neujahr*, 223 Neb. 722, 393 N.W.2d 47 (1986); *Federal Land Bank v. McElhose*, 222 Neb. 448, 384 N.W.2d 295 (1986); *Allen v. IBP, Inc.*, 219 Neb. 424, 363 N.W.2d 520 (1985); Neb. Rev. Stat. § 25-1301 (Reissue 1985).

The court's March 7, 1984, order in each case was not, as of that date, a "final determination of the rights of the parties" as contemplated by § 25-1301, because the outcome of the dismissal or continuance, if not tried "or otherwise disposed of," depended upon the showing of good cause in a specified manner. In short, the order was conditional and, as such, not a judgment as defined in § 25-1301. *Fritch v. Fritch*, 191 Neb. 29, 213 N.W.2d 445 (1973). Accord, *Williams v. Bourne*, 248 Iowa 189, 79 N.W.2d 751 (1956); *Peterson v. Overson*, 52 Ariz. 203, 79 P.2d 958 (1938); *Wallace v. Hankins*, 541 S.W.2d 82 (Mo. App. 1976); *Pepe v. Tournage*, 128 So. 2d 56 (La. App. 1961).

The question thus becomes whether the conditional order matured into a judgment of dismissal when the conditions specified therein were not met by December 30, 1984. As stated at the beginning of this analysis, a judgment determines the rights and obligations which "presently exist." The March 7, 1984, order did not determine the then existing rights and obligations of the parties in each case but, rather, attempted to fix, without further court consideration, the future trial rights of the plaintiffs as forthcoming events, not all of which were in plaintiffs' control, might warrant. As expressed by *Wallace v. Hankins, supra* at 84, a conditional judgment is wholly void because it does not "perform in praesenti" and leaves to speculation and conjecture what its final effect may be. *Williams v. Bourne, supra*, observed that, generally, final judgments must not be conditional, and unless there is an equitable phase of the action wherein it is necessary to protect the interests of defendants, a conditional judgment is wholly void. Thus, the conditional order could not and did not become a judgment.

Consequently, each plaintiff is correct in contending that the dismissal of her suit is a nullity. The district court's denial of the motions for reinstatement of the suits is accordingly reversed, and each cause is remanded for further proceedings.

We hasten, however, to commend the district court for being concerned about the need to assure that cases move to resolution in a timely fashion so that justice not be denied through undue delay. The fact the particular procedure employed in these cases has been found to be impermissible is not to suggest that a trial court can or should tolerate inactivity. It is entirely appropriate for a trial court to schedule the completion of pretrial tasks and, upon the failure of the parties to meet that schedule, to impose such sanctions as the facts may warrant, including the entering of a judgment of dismissal for want of prosecution.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

WHITE, J., not participating.