VILLAGE OF ORLEANS, APPELLEE, V. BILL DIETZ, APPELLANT.

539 N.W.2d 440

Filed November 17, 1995.   Nos. S-93-855, S-93-856.

Bill Dietz, pro se.

Douglas R. Walker, of Duncan, Duncan, Jelkin & Walker, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

CONNOLLY, J.

Bill Dietz appeals the decision of the district court for Harlan County affirming the county court's conviction of Dietz on misdemeanor nuisance charges. The county court fined Dietz $100 on each of 48 counts in one case and on each of 2 counts in a separate case. These cases have been consolidated for appeal. Dietz asserts that the Village of Orleans did not have the authority to prosecute him in its own name; however, we do not reach this issue because we find that we do not have jurisdiction.

## ASSIGNMENT OF ERROR

Dietz assigns one error, that the village erred in bringing an action in the name of the Village of Orleans when it does not have the authority to bring actions in its own name.

## FACTUAL BACKGROUND

This case began as a nuisance action in the Harlan County Court by the village against Dietz for violating various village ordinances forbidding the maintenance of property in a filthy or littered condition. After conviction of the misdemeanor nuisance violations, the county court sentenced Dietz to pay $100 on each of the 50 counts and gave him 120 days from that date, October 22, 1992, to clean up the property. If the property was cleaned up within the 120 days, the judge agreed to reduce the fine to a "minimal amount."

Dietz filed a notice of appeal to the district court for Harlan County on November 10, 1992, stating that the village had erred in bringing an action in the name of the village when it had no authority to do so. On March 26, 1993, the district court affirmed the county court's verdict and sentence with the modification that Dietz was given an additional 120 days to clean up the property.

On April 6, 1993, Dietz filed a motion for a new trial or, in the alternative, motion to vacate. Both motions were denied at

a hearing held on August 19, and the court's judgment was entered on the trial docket on that date. A journal entry and order, stating that the court entered an order affirming the March 26 ruling of the district court, was signed and dated by the judge on August 30. The village filed a motion for summary dismissal, because Dietz failed to appeal within 30 days as required by Nebraska law.

## ANALYSIS

A "judgment" is a court's final consideration and determination of the respective rights and obligations of the parties to an action as those rights and obligations presently exist. *Lemburg v. Adams County*, 225 Neb. 289, 404 N.W.2d 429 (1987); *Neujahr v. Neujahr*, 223 Neb. 722, 393 N.W.2d 47 (1986). If a judgment looks to the future in an attempt to judge the unknown, it is a conditional judgment. See *Romshek v. Osantowski*, 237 Neb. 426, 466 N.W.2d 482 (1991). A conditional judgment is wholly void because it does not "perform in praesenti" and leaves to speculation and conjecture what its final effect may be. *Schaad v. Simms*, 240 Neb. 758, 484 N.W.2d 474 (1992).

In the instant case, the judgment of the county court was not a final determination of the rights of the parties. The order gave Dietz 120 days to comply, and if he complied, the fine would be reduced. Thus, the court's judgment was subject to modification during the 120 days allowed for compliance and did not establish the obligation of Dietz as it presently existed. Therefore, the order of the county court was not a final judgment.

For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken. Conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *Barks v. Cosgriff Co.*, 247 Neb. 660, 529 N.W.2d 749 (1995); *Fritsch v. Hilton Land & Cattle Co.*, 245 Neb. 469, 513 N.W.2d 534 (1994). Thus, the district court did not obtain jurisdiction on this claim because there was no final, appealable order from the county court.

Where the court from which an appeal was taken lacked

jurisdiction, the appellate court acquires no jurisdiction. *WBE Co. v. Papio–Missouri River Nat. Resources Dist.*, 247 Neb. 522, 529 N.W.2d 21 (1995); *State ex rel. Grape v. Zach*, 247 Neb. 29, 524 N.W.2d 788 (1994).

## CONCLUSION

Because the record does not contain a final, appealable order, this appeal is dismissed.

APPEAL DISMISSED.