CUSTOM FABRICATORS OF GRANITE AND MARBLE, INC., A
NEBRASKA CORPORATION, APPELLANT, V. MARIO LENARDUZZI AND
DARIO LENARDUZZI, INDIVIDUALLY AND DOING BUSINESS AS
LENARDUZZI TERRAZZO AND TILE, APPELLEES.

610 N.W. 2d 391

Filed May 12, 2000.    No. S-99-246.

Douglas S. Lash, of Brown & Brown, P.C., for appellant.

Paul M. Shotkoski, of Smith Peterson Law Firm, for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## NATURE OF CASE

Custom Fabricators of Granite and Marble, Inc. (Custom Fabricators), obtained a default judgment against Mario Lenarduzzi and Dario Lenarduzzi (the Lenarduzzis) on October 3, 1997. The Lenarduzzis thereafter filed a motion to set aside the default judgment in the same court term during which the default judgment was granted. After that term expired, the district court determined that the order purporting to dispose of the motion for default judgment was void and, thereafter, sustained the Lenarduzzis' motion to set aside the default judgment. It is from this order that Custom Fabricators appeals. For the reasons that follow, we affirm the judgment of the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 17, 1997, Custom Fabricators filed a petition against the Lenarduzzis alleging, inter alia, that the Lenarduzzis had breached a contract to provide Custom Fabricators with goods and services. After the Lenarduzzis failed to file a responsive pleading to the petition, Custom Fabricators filed a motion for default judgment on September 29. The motion was sustained by the district court, and the court entered a default judgment against the Lenarduzzis on October 3. After the default judgment was entered on October 3, the following course of events transpired:

<u>October 15, 1997</u>: The Lenarduzzis filed a motion to set aside the default judgment entered on October 3, 1997, to which a proposed answer was attached. This motion was filed within the same court term as that in which the default judgment was entered.

October 22, 1997: After a hearing on the Lenarduzzis' motion to set aside the default judgment, the district court entered an order purporting to vacate the default judgment that provided: "Upon filing of an answer stating an affirmative defense and the filing of the costs within ten (10) days the Default Judgment is set aside."

October 31, 1997: The Lenarduzzis filed an answer and counterclaim pursuant to the October 22, 1997, order, but did not pay costs as ordered by the court.

January 7, 1998: The Lenarduzzis paid court costs pursuant to the court's order of October 22, 1997.

March 2, 1998: In a court term subsequent to that in which the October 3, 1997, default judgment and the October 22 conditional order were entered, Custom Fabricators filed a "Motion to Confirm or Reenter Judgment" based upon the Lenarduzzis' failure to comply with the October 22 order requiring them to pay court costs as a condition to the court's vacating and setting aside the default judgment.

May 19, 1998: The district court sustained Custom Fabricators' motion to "confirm or reenter judgment," noting therein that the Lenarduzzis had "failed to pay the costs within the 10 days as ordered by the Court [on October 22, 1997,] and the Judgment entered on October 22, 1997 has been in effect since that time." In the same order, the court also denied the Lenarduzzis' motion for leave to amend their answer and counterclaim.

May 21, 1998: The Lenarduzzis filed a "Motion to Reconsider" in which they requested that the district court set aside the default judgment confirmed in its May 19, 1998, order, basing said motion in part upon the district court's independent equity jurisdiction to set aside a default judgment from a previous term.

May 28, 1998: Custom Fabricators filed a "Resistance to the [Lenarduzzis'] Motion to Reconsider."

June 17, 1998: The Lenarduzzis appealed the district court's May 19, 1998, order confirming the default judgment. The appeal was docketed in the Nebraska Court of Appeals as case No. A-98-621.

August 7, 1998: The district court denied the Lenarduzzis' motion to reconsider after making a finding that it retained juris-

diction over the matter since the motion was filed prior to the notice of appeal filed on June 17, 1998.

August 27, 1998: The Lenarduzzis filed a notice of appeal from the August 7, 1998, order. The case was docketed in the Court of Appeals and designated as case No. A-98-880.

September 17, 1998: The Court of Appeals dismissed case No. A-98-621 as being untimely filed. In *Custom Fabricators v. Lenarduzzi*, case No. A-98-621, disposed of without opinion on Sept. 17, 1998, the court's docket entry dismissing the appeal provided:

> The order of October 22, 1997, was conditional order which is wholly void. See Lemburg v. Adams County, 225 Neb. 2[89] (1987). The default judgment of October 3, 1997, remained in effect and was not appealed from until July 17, 1998. Thus, the appeal is out of time and is dismissed for lack of jurisdiction under Rule 7A(2).

September 21, 1998: The parties filed a stipulation and motion to consolidate the two appeals.

September 29, 1998: The Court of Appeals overruled the motion to consolidate on the ground that the court's prior dismissal of case No. A-98-621 rendered the motion to consolidate moot.

October 16, 1998: The Lenarduzzis filed a petition for further review in this court, seeking review of cases Nos. A-98-621 and A-98-880.

October 28, 1998: The Court of Appeals dismissed the appeal in case No. A-98-880 as being untimely filed.

November 12, 1998: The Nebraska Supreme Court denied the Lenarduzzis' petition for further review in case No. A-98-621 and dismissed the petition for further review in case No. A-98-880 for want of jurisdiction.

November 23, 1998: The Lenarduzzis filed a second amended notice of hearing upon their motion to set aside the default judgment filed on October 15, 1997, based upon the determination by the Court of Appeals that the October 22 order purporting to dispose of the motion was wholly void.

February 23, 1999: The district court acknowledged the Court of Appeals' determination that the October 22, 1997, order was conditional and wholly void and further concluded that the order

of May 19, 1998, which confirmed the default judgment due to the failure of the Lenarduzzis to meet the conditions set forth in the October 22, 1997, order, was likewise void. The district court returned the case to its status as of October 22, the day on which the voided order purporting to dispose of the Lenarduzzis' motion to set aside was issued, and then vacated and set aside the default judgment, "this time without conditions."

Custom Fabricators timely appealed, and we moved the case to our docket pursuant to our authority to regulate the caseloads of the appellate courts of this state.

## ASSIGNMENT OF ERROR

Custom Fabricators alleges, summarized and restated, that the district court erred in exercising jurisdiction over the Lenarduzzis' motion to set aside the default judgment in a term subsequent to that in which the default judgment was rendered because the October 22, 1997, order became a valid order denying the motion and finally disposing of the case within the court term in which the conditions in that order were not satisfied.

## STANDARD OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision. *Armour v. L. H., ante* p. 138, 608 N.W.2d 599 (2000); *State ex rel. Stenberg v. Moore*, 258 Neb. 199, 602 N.W.2d 465 (1999).

## ANALYSIS

Custom Fabricators asserts that it was error for the district court to exercise jurisdiction over the Lenarduzzis' motion to set aside the default judgment outside the term of court during which the default judgment was rendered. Custom Fabricators' jurisdictional attack stems from the October 22, 1997, order requiring the Lenarduzzis to pay costs and file an answer before the October 3 default judgment would be set aside. Contending that the October 22 order was valid and became an effective denial of the Lenarduzzis' motion once the conditions therein were not met, Custom Fabricators argues that the district court

lacked jurisdiction to vacate and set aside the default judgment outside of the court term since the matter had been finally disposed of by the district court on October 22, 1997, during the court term. The record does not support Custom Fabricators' contention.

■ We first note that the record in the instant case is less than complete. To analyze the issue presented by the instant appeal, it is necessary to take judicial notice of the records of this court in cases Nos. A-98-621 and A-98-880. It is well established that where cases are interwoven and interdependent and the controversy involved has already been considered and determined by the court in a former proceeding involving the parties now before it, the court has the right to examine its own records and take judicial notice of its own proceedings and judgments. *Holste v. Burlington Northern RR. Co.*, 256 Neb. 713, 592 N.W.2d 894 (1999). See Neb. Rev. Stat. § 27-201(2)(b) (Reissue 1995). We, therefore, take judicial notice of the record of the previous appeals in this same matter. An examination of the record in case No. A-98-621 and the mandate of the Court of Appeals issued in that case reveals why the district court determined that it had jurisdiction to vacate the default judgment.

The Court of Appeals' September 17, 1998, docket entry dismissing the appeal in case No. A-98-621 provided:

> The order of October 22, 1997, was conditional order which is wholly void. See Lemburg v. Adams County, 225 Neb. 2[89] (1987). The default judgment of October 3, 1997, remained in effect and was not appealed from until July 17, 1998. Thus, the appeal is out of time and is dismissed for lack of jurisdiction under Rule 7A(2).

Thereafter, the mandate issued by the Court of Appeals on November 30, 1998, instructed the district court to enter judgment "in conformity with the judgment" of the Court of Appeals.

■ The district court had an unqualified duty to follow the mandate issued by the Court of Appeals which directed the district court to enter judgment in conformity with the judgment of the Court of Appeals. See *Elliott v. Gooch Feed Mill Co.*, 147 Neb. 612, 24 N.W.2d 561 (1946). Because the docket entry by the Court of Appeals stated that the October 22, 1997, order was

"wholly void," the district court proceeded in conformity with that mandate and ultimately reinstated the case to its status on October 22, the date on which the purportedly "void" order was entered.

The Court of Appeals' determination that the October 22, 1997, order was wholly void left the case in such a posture that the Lenarduzzis' motion to set aside had never been decided and disposed of properly. Upon receiving notice of the court's dismissal of their appeal and our denial of their petition for further review, the Lenarduzzis requested another hearing before the district court on their motion to set aside the default judgment, which was granted by the district court. On February 23, 1999, the district court issued an order in which it reasoned that pursuant to the docket entry of the Court of Appeals in case No. A-98-621, the conditions in the October 22, 1997, order which were subsequently relied upon in its May 19, 1998, order rendered both orders wholly void; thus, the case was returned to its status of October 22, 1997. In the February 23, 1999, order, the district court granted the Lenarduzzis' motion to set aside, "this time without conditions." It is this order that Custom Fabricators asserts the district court was without jurisdiction to enter. The resolution of this appeal hinges upon the effect of the district court's October 22, 1997, order, and we find it appropriate to take this opportunity to distinguish between the effect of a conditional interlocutory order and the effect of a conditional order or judgment which purports to be a court's final consideration and determination of the respective rights and obligations of the parties to an action.

### CONDITIONAL INTERLOCUTORY ORDER VERSUS "CONDITIONAL FINAL ORDER"

We have often and recently stated that a "judgment" is a court's final consideration and determination of the respective rights and obligations of the parties to an action as those rights and obligations presently exist. *State ex rel. Stenberg v. Moore*, 258 Neb. 199, 602 N.W.2d 465 (1999). A conditional judgment is wholly void because it does not "perform in praesenti" and leaves to speculation and conjecture what its final effect may be. *Id.* We have also stated that orders which specify that a trial

court will exercise its jurisdiction based upon future action or inaction by a party are conditional and are therefore not appealable. *Deuth v. Ratigan*, 256 Neb. 419, 590 N.W.2d 366 (1999).

▪ The confusion in this area of the law, if any exists, may stem from those cases in which this court has broadly stated that " 'conditional orders *purporting to automatically dismiss an action upon* a party's failure to act within a set time are void as not performing in praesenti, and thus have no force or effect.' " (Emphasis supplied.) *Schaad v. Simms*, 240 Neb. 758, 760, 484 N.W.2d 474, 475 (1992). A careful reading of the cases in which we have so stated reveals that such language stands for the proposition that conditional orders have no force and effect as *a final order or a judgment from which an appeal can be taken*. See, e.g., *State ex rel. Stenberg v. Moore, supra*; *Deuth v. Ratigan, supra*; *Schoneweis v. Dando*, 231 Neb. 180, 435 N.W.2d 666 (1989); *Federal Land Bank of Omaha v. Johnson*, 226 Neb. 877, 415 N.W.2d 478 (1987); *Lemburg v. Adams County*, 225 Neb. 289, 404 N.W.2d 429 (1987). The cases in which this proposition is generally relied upon are those in which an order was entered by the trial court purporting to dismiss a case upon the occurrence of some future event. Thus, a correct statement of the proposition is that conditional orders that do not perform in praesenti have no force and effect *as a final order or judgment from which an appeal can be taken*.

Accordingly, it is readily apparent that the October 22, 1997, order, which conditioned the vacation of the default judgment upon the Lenarduzzis' payment of costs and filing of an answer, did not "perform in praesenti," and the order did not act to determine the respective rights and obligations of the parties as those rights and obligations existed on October 22. That does not, however, lead to the conclusion that the October 22 order was "wholly void" as the Court of Appeals determined.

▪ It is entirely appropriate for a trial court to schedule the completion of pretrial tasks and, upon the failure of the parties to meet the schedule or the task, to impose such sanctions as the facts may warrant. See, e.g., *Lemburg v. Adams County, supra*. However, a conditional interlocutory order cannot mature into a final, appealable order without further court consideration regarding the task or obligation that was purportedly not met.

This is so because parties should not be left to guess or speculate as to the final effect of a conditional interlocutory order. See *id*. Thus, in the instant case, the conditional nature of the district court's October 22, 1997, order did not affect the order's validity as an appropriate interlocutory exercise of the district court's discretionary right to impose terms as a condition of its granting the Lenarduzzis' motion to set aside the default judgment.

We therefore conclude that the October 22, 1997, order was not "wholly void" as suggested by the Court of Appeals in its docket entry; the order was a valid order in which the district court could properly impose conditions, notwithstanding the fact that the order could not operate as a final order or judgment from which an appeal could be taken. We improvidently denied the Lenarduzzis' petition for further review regarding this point on November 12, 1998. Because the October 22, 1997, order was not a final order, the Lenarduzzis' motion to set aside the default judgment had not been disposed of at the end of the court term and was still pending when the term expired.

RESOLUTION OF INSTANT APPEAL

It is well established that the district court retains authority to rule upon a motion to vacate a default judgment made within the original term during which the default judgment was rendered. *Moackler v. Finley*, 207 Neb. 353, 299 N.W.2d 166 (1980). See, also, *Jarrett v. Eichler*, 244 Neb. 310, 506 N.W.2d 682 (1993). Neb. Rev. Stat. § 24-310 (Reissue 1995) provides: "Upon any final adjournment of the court, all business not otherwise disposed of shall stand continued generally." Once a motion is made and has not yet been ruled upon, the motion is pending, and when the term is adjourned, that pending motion cannot be other than a matter "not otherwise disposed of." See, also, *Moackler v. Finley, supra*. The court retains jurisdiction by law to rule upon that motion. *Id*. Put another way, "[i]f the court has entertained a motion to vacate and retains the authority to rule on such a motion within term, the court has continuing authority to enter an order vacating the prior order even though the term has subsequently expired." *Jarrett v. Eichler*, 244 Neb. at 315, 506 N.W.2d at 685.

As previously explained, the conditional nature of the October 22, 1997, order left the case in such a posture that the Lenarduzzis' motion to set aside had been entertained by the district court but had not been finally disposed of during the court term during which the motion was made. Thus, the Lenarduzzis' motion was still pending when the court term expired and was a matter "not otherwise disposed of" during the court term over which the district court could properly exercise jurisdiction in a subsequent term.

That does not, however, end the procedural confusion in the instant case. In a subsequent term, on May 19, 1998, the district court sustained Custom Fabricators' motion to confirm or reenter the default judgment. The May 19 order stated that the default judgment was confirmed due to the failure of the conditions in the October 22, 1997, order. When the Lenarduzzis appealed the May 19, 1998, order on June 17, the Court of Appeals dismissed the appeal as untimely. The November 30 mandate issued by the Court of Appeals instructed the district court to enter judgment in conformity with the judgment of the Court of Appeals. The district court then considered the docket entry and construed it to mean that if the October 22, 1997, order was wholly void, the May 19, 1998, order was likewise void because it purported to enforce the conditions of the voided order entered on October 22, 1997.

The district court merely adhered to the mandate issued by the Court of Appeals in case No. A-98-621, as it must, and declared its October 22, 1997, and May 19, 1998, orders to be void. Although the district court's exercise of jurisdiction stems from the erroneous dismissal of the appeal in case No. A-98-621 and its interpretation of the mandate therein, we determine that the district court properly exercised jurisdiction over the Lenarduzzis' motion under the circumstances of the instant case. The effect of such a determination is that the Lenarduzzis' motion to set aside had not been properly disposed of and was still pending on February 23, 1999, when the district court issued an order finally disposing of that motion and vacating and setting aside the default judgment. Custom Fabricators' assignment of error is therefore without merit.

Custom Fabricators does not claim on appeal that the district court abused its discretion in sustaining the Lenarduzzis' motion to set aside the default judgment, but only that the district court was without jurisdiction to do so.

## CONCLUSION

For the foregoing reasons, we conclude that the district court properly exercised jurisdiction over the Lenarduzzis' motion to set aside the default judgment in the instant case. The judgment of the district court is therefore affirmed.

AFFIRMED.