Nebraska Supreme Court Online Library
www.nebraska.gov/courts/epub/
02/19/2016 09:22 AM CST

KIMBERLY L. STEVENS, NOW KNOWN AS KIMBERLY L. MOORE,
APPELLANT, V. MICHAEL W. STEVENS, APPELLEE, AND
STATE OF NEBRASKA, INTERVENOR-APPELLEE.

___ N.W.2d ___

Filed February 19, 2016.    No. S-15-219.

1. **Jurisdiction.** Jurisdiction is a question of law.
2. **Judgments: Appeal and Error.** An appellate court resolves questions
   of law independently of the conclusion reached by the lower court.
3. **Jurisdiction: Appeal and Error.** An appellate court has the duty to
   determine whether it has jurisdiction before reaching the legal issues
   presented for review.
4. **Judgments: Jurisdiction: Appeal and Error.** Orders which specify
   that a trial court will or will not exercise its jurisdiction based on
   future action or inaction by a party are conditional and therefore
   not appealable.
5. **Judgments: Final Orders: Appeal and Error.** Conditional orders do
   not automatically become appealable on the occurrence of the specified
   conditions, but they can operate if other conditions have been met, at
   which time the court may make a final order.

Appeal from the District Court for Sarpy County: DAVID K.
ARTERBURN, Judge. Appeal dismissed.

Phillip G. Wright for appellant.

Kevin F. Duffy and Marc B. Delman, Deputy Sarpy County
Attorneys, and Andrew T. Erickson, Senior Certified Law
Student, for intervenor-appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, MILLER-LERMAN, CASSEL,
and STACY, JJ.

Connolly, J.

## SUMMARY

After Michael W. Stevens became disabled, the child support referee recommended that the court reduce his child support payments. The court adopted the recommendations "subject to the right of rehearing reserved in the parties if exception(s) be duly taken within fourteen (14) days," in which case "this Order shall be stayed until further Order of the Court." Kimberly L. Stevens, now known as Kimberly L. Moore, the custodial parent, appeals. The order from which Kimberly appeals was conditional and therefore not final. We dismiss her appeal for lack of jurisdiction.

## BACKGROUND

In 2003, the court dissolved Kimberly and Michael's marriage. It awarded Kimberly custody of the minor children and ordered Michael to pay child support.

In 2014, the State, as intervenor, filed a complaint to modify the child support order in the decree. It alleged that Michael's monthly income had materially decreased.

The court referred the matter to a referee, who held a hearing. On February 17, 2015, the referee filed a report recommending that the court decrease Michael's support obligation. On the same day, the court entered an order purporting to approve the recommendations contingent on neither party's filing exceptions during the next 2 weeks. The February 17 order provides:

> It is ordered that the referee recommendations are adopted by the Court as its Order, subject to the right of rehearing reserved in the parties if exception(s) be duly taken within fourteen (14) days from this date (Neb. Ct. R. §4-110). In the event that an exception is duly taken this Order shall be stayed until further Order of the Court.

Kimberly appeals from the February 17, 2015, order.

## ASSIGNMENTS OF ERROR

Kimberly argues that the court did not have jurisdiction over the State's complaint to modify, because there was a

preexisting support order. She assigns that if the court did have jurisdiction, it erred by (1) miscalculating Michael's support obligation, (2) finding that there was a material change of circumstances, (3) "[r]etroactively waiving [Michael's] child support arrearage," (4) delegating judicial power to the referee, and (5) crediting Michael with "Social Security benefits that may become due."

## STANDARD OF REVIEW

[1,2] Jurisdiction is a question of law.[1] We resolve questions of law independently of the conclusion reached by the lower court.[2]

## ANALYSIS

[3] We begin by testing our jurisdiction over this appeal. An appellate court has the duty to determine whether it has jurisdiction before reaching the legal issues presented for review.[3] Kimberly argues that the district court lacked jurisdiction because there was a preexisting support order. But we identify another jurisdictional problem that is dispositive: The order from which Kimberly appeals is conditional and therefore not final.

[4,5] Orders which specify that a trial court will or will not exercise its jurisdiction based on future action or inaction by a party are conditional and therefore not appealable.[4] Such conditional orders have no effect as a final order from which a party can appeal.[5] Conditional orders do not automatically become appealable on the occurrence of the specified

---

[1] *In re Guardianship & Conservatorship of Barnhart*, 290 Neb. 314, 859 N.W.2d 856 (2015).

[2] *Id.*

[3] *Murray v. Stine*, 291 Neb. 125, 864 N.W.2d 386 (2015).

[4] See, *Custom Fabricators v. Lenarduzzi*, 259 Neb. 453, 610 N.W.2d 391 (2000); *State ex rel. Stenberg v. Moore*, 258 Neb. 199, 602 N.W.2d 465 (1999); *Kroll v. Department of Motor Vehicles*, 256 Neb. 548, 590 N.W.2d 861 (1999).

[5] *Custom Fabricators v. Lenarduzzi, supra* note 4.

conditions.[6] But they can operate if other conditions have been met, at which time the court may make a final order.[7]

Here, the court conditioned its February 17, 2015, order "subject to the right of rehearing reserved in the parties if exception(s) be duly taken within fourteen (14) days from this date," in which case "this Order shall be stayed until further Order of the Court." When the court made the February 17 order, it was conditional on the future action or inaction of the parties. It therefore failed to operate in the present and was not a final, appealable order.[8] The court entered no order after February 17. So we lack jurisdiction.[9]

Under Neb. Rev. Stat. § 43-1613 (Reissue 2008), the parties had the "right to take exceptions to the findings and recommendations made by the referee and to have a further hearing before such court for final disposition." Our rules give parties 14 days to take exceptions.[10] Here, the court purported to adopt the referee's report as its order on the same day the referee filed her report, conditioned on neither party's filing exceptions. We note that, alternatively, the court could have waited 14 days after the referee filed her report to see if either party filed exceptions before adopting the referee's recommendations as its order.

## CONCLUSION

The court conditioned the order from which Kimberly appeals on the parties' not filing exceptions to the referee's report within 14 days. The order was conditional on the future action or inaction of the parties and was therefore not a final, appealable order. We dismiss the appeal.

Appeal dismissed.

---

[6] See *Fitzgerald v. Community Redevelopment Corp.*, 283 Neb. 428, 811 N.W.2d 178 (2012).

[7] See *id.*

[8] See *State ex rel. Stenberg v. Moore, supra* note 4.

[9] See *Nichols v. Nichols*, 288 Neb. 339, 847 N.W.2d 307 (2014).

[10] Neb. Ct. R. § 4-110.