Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/02/2021 08:11 AM CDT

Lewis H. Evert and Trudy N. Evert,
appellees, v. Joseph E. Srb and
Marilyn E. Srb, appellants.

___ N.W.2d ___

Filed April 9, 2021.    No. S-20-385.

1. **Judgments: Jurisdiction.** A jurisdictional issue that does not involve a factual dispute presents a question of law.
2. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the appeal.
3. **Judgments: Jurisdiction: Final Orders: Appeal and Error.** Where the county court enters neither a judgment nor final order, the district court sitting as an appellate court is without jurisdiction.
4. **Final Orders: Appeal and Error.** When no further action of the court is required to dispose of the cause pending, it is final; when the cause is retained for further action, it is interlocutory and nonappealable.
5. **Judgments: Final Orders: Words and Phrases.** A "judgment" is a court's final consideration and determination of the respective rights and obligations of the parties to an action as those rights and obligations presently exist.
6. **Judgments.** If a judgment looks to the future in an attempt to judge the unknown, it is a conditional judgment.
7. **Judgments: Final Orders.** A conditional judgment is wholly void because it does not perform in praesenti and leaves to speculation and conjecture what its final effect may be.
8. **Judgments: Appeal and Error.** Conditional judgments are not appealable.
9. **Judgments: Jurisdiction: Appeal and Error.** Orders which specify that a trial court will or will not exercise its jurisdiction based on future action or inaction by a party are conditional and therefore not appealable.

10. **Judgments: Final Orders: Appeal and Error.** Conditional orders do not automatically become appealable on the occurrence of the specified conditions, but they can operate if other conditions have been met, at which time the court may make a final order.
11. **Judgments.** A conditional order is not a judgment.
12. **Judgments: Final Orders.** Conditional orders that do not perform in praesenti have no force and effect as a final order or judgment from which an appeal can be taken.
13. **Judgments: Boundaries: Contribution.** The purpose of the boundary fence contribution statute, Neb. Rev. Stat. § 34-112.02 (Cum. Supp. 2020), is for a landowner to obtain an order or judgment that determines the rights of the parties.
14. **Judgments: Jurisdiction: Appeal and Error.** An appellate court has the power to determine whether it lacks jurisdiction over an appeal because the lower court lacked jurisdiction to enter the order; to vacate a void order; and, if necessary, to remand the cause with appropriate directions.

Appeal from the District Court for Lincoln County, MICHAEL E. PICCOLO, Judge, on appeal thereto from the County Court for Lincoln County, KENT D. TURNBULL, Judge. Judgment of District Court reversed and remanded with directions.

Brian T. McKernan, of McGrath, North, Mullin & Kratz, P.C., L.L.O., for appellants.

Lindsay E. Pedersen, Attorney at Law, P.C., L.L.O., for appellees.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

MILLER-LERMAN, J.
### NATURE OF CASE
This appeal concerns a division fence dispute between Joseph E. Srb and Marilyn E. Srb, the appellants, and Lewis H. Evert and Trudy N. Evert, the appellees, who own adjacent properties on which cattle graze. The Everts filed a fence dispute complaint in the county court for Lincoln County, seeking contribution pursuant to Neb. Rev. Stat. § 34-112.02 (Cum. Supp. 2020), in connection with the anticipated construction

of a fence to span a portion of the boundary between the parties' property. Following a trial, the county court ordered the Srbs to perform or monetarily contribute to the construction of a division fence between the adjoining properties, depending on several actions to be taken by the parties. The Srbs appealed to the district court, which affirmed the findings of the county court, but remanded the case for further proceedings on the issue of contribution. The Srbs appeal from the order of the district court. Because we conclude that the county court order was a conditional order from which no appeal could be taken, the district court did not acquire jurisdiction and, in turn, we lack jurisdiction to consider the merits. We reverse the order of the district court and remand the cause with directions to vacate its order and dismiss its appeal.

## STATEMENT OF FACTS

The Everts own a section of agricultural land situated west of and adjacent to another section of agricultural land owned by the Srbs in Lincoln County, Nebraska. The parties graze cattle on their respective properties and have a reciprocal easement that allows both parties access to the other property to repair existing fence. Although a fence spans much of the boundary line, there is a portion of the boundary that is presently unfenced. The Everts' amended fence dispute complaint requested the Srbs to construct half of a boundary fence for this portion or to contribute to its construction.

The county court held a trial on April 18, 2019. The parties established that the unfenced portion of the boundary included a canyon floor and canyon bluffs, but that despite the rugged terrain, cattle had been passing between the parties' properties. The Srbs claimed that the rough terrain would be "nearly impossible" to fence, although the Everts claimed that there had been a functioning fence or wire barrier at one time that effectively prevented the cattle from passing.

The Srbs asserted that the Everts' claim should be barred by claim preclusion, issue preclusion, and other various affirmative defenses. These affirmative defenses generally centered

on a 2006 "boundary dispute" suit regarding the parties' properties, which was settled and subsequently dismissed with prejudice. At that time, the parties entered into reciprocal easements providing all parties the right to enter onto the other parties' property to install, maintain, and repair the common fence. The county court excluded evidence of the prior dispute because it lacked relevance in the current fence dispute case.

In its June 14, 2019, written order, the county court found that the Everts satisfied the procedural requirements of § 34-112.02 and found it "creditable" that "a fence is needed to keep cattle from crossing back and forth between the properties." The county court determined that the Everts were entitled to a ruling requiring either fence building performance or contribution by the Srbs, depending on a number of factors yet to be decided.

The order directed the Srbs to "state in writing their willingness or non-willingness to perform by building their equitable portion of the fence" within 10 days. If the Srbs responded that they were unwilling to build a fence or did not respond, then the Everts were granted permission to enter upon the Srbs' property, remove brush and trees, construct the fence, and return with an itemized statement concerning costs of materials and labor within 30 days after work is completed. The court found that the cost to the Srbs would be "subject to change depending on the difficulty of the task at hand" and gave the Srbs an opportunity to have a hearing within 10 days from receipt of the Everts' itemized statement to contest their equitable contribution. Although the county court found that a boundary fence should conform to certain statutory specifications as listed in Neb. Rev. Stat. §§ 34-115 and 34-116 (Reissue 2016), it also submitted that due to the nature of the terrain, the parties could reach an agreement to vary from those requirements and save costs to all parties.

The Srbs appealed to the district court. The district court affirmed the findings of the county court, but remanded the case to the county court for further determination of the

amount of contribution. The district court found that the county court was statutorily authorized to enter only a judgment of contribution or money damages and that it had overreached by including various equitable provisions in its order.

The Srbs appeal.

### ASSIGNMENTS OF ERROR

The Srbs generally claim that the district court erred by affirming the findings in the order of the county court and the determination of the county court to the effect that the Everts were entitled to a favorable ruling.

### STANDARDS OF REVIEW

[1] A jurisdictional issue that does not involve a factual dispute presents a question of law. *In re Estate of Abbott-Ochsner*, 299 Neb. 596, 910 N.W.2d 504 (2018).

### ANALYSIS

[2] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the appeal. *Id*. As we explain below, because the order of the county court was not a judgment or final order, the district court and, consequently, this court are without jurisdiction in this appeal.

[3] Neb. Rev. Stat. § 25-2733 (Reissue 2016) empowers the district court to review certain appeals from a "judgment or final order" of the county court. Where the county court enters neither a judgment nor final order, the district court sitting as an appellate court is without jurisdiction. See *Village of Orleans v. Dietz*, 248 Neb. 806, 539 N.W.2d 440 (1995) (determining that county court ruling not judgment; therefore, district court lacked jurisdiction).

[4-8] As a general matter, we have stated that when no further action of the court is required to dispose of the cause pending, it is final; when the cause is retained for further action, it is interlocutory and nonappealable. *Deuth v. Ratigan*, 256 Neb. 419, 590 N.W.2d 366 (1999). With respect to judgments, we have stated a "judgment" is a court's final consideration and

determination of the respective rights and obligations of the parties to an action as those rights and obligations presently exist. *Village of Orleans v. Dietz, supra.* If a judgment looks to the future in an attempt to judge the unknown, it is a conditional judgment. *Id*. We have observed that a conditional judgment is wholly void because it does not perform in praesenti and leaves to speculation and conjecture what its final effect may be. *Id.* Conditional judgments are not appealable. See *Fitzgerald v. Community Redevelopment Corp.*, 283 Neb. 428, 811 N.W.2d 178 (2012).

[9-12] With respect to orders, we have similarly observed:

> Orders which specify that a trial court will or will not exercise its jurisdiction based on future action or inaction by a party are conditional and therefore not appealable. Such conditional orders have no effect as a final order from which a party can appeal. Conditional orders do not automatically become appealable on the occurrence of the specified conditions. But they can operate if other conditions have been met, at which time the court may make a final order.

*Stevens v. Stevens*, 292 Neb. 827, 829-30, 874 N.W.2d 453, 455 (2016). Further, a conditional order is not a judgment. *Nichols v. Nichols*, 288 Neb. 339, 847 N.W.2d 307 (2014). We have made clear that "conditional orders that do not perform in praesenti have no force and effect *as a final order or judgment from which an appeal can be taken*." *Custom Fabricators v. Lenarduzzi*, 259 Neb. 453, 460, 610 N.W.2d 391, 397 (2000) (emphasis in original). In sum, conditional judgments and conditional orders are not appealable. In the instant case, we are presented with a conditional order which, applying the foregoing principles, was not appealable to the district court.

The Srbs contend that the county court's June 14, 2019, order "disposed of the entire claim [and] required no further action to be taken by the Court." Brief for appellants at 1. We do not agree. The county court order was conditioned on the future action and inaction of the parties; it did not make a

final determination of the rights and obligations of the parties. It was a conditional order and not appealable.

In the June 14, 2019, order, the county court determined that the Everts had met the procedural requirements attendant to fence disputes under § 34-112.02 and were entitled to a ruling requiring contribution by the Srbs. The order provided as follows:

> Defendants are given 10 days from the date of this Order to state in writing their willingness or non-willingness to perform by building their equitable portion of the fence. Failure to file a response with the Court within 10 days shall operate as a refusal by the Defendants to agree to perform by building their equitable portion of the division fence.
>
> If the Defendants fail to respond or do respond and indicate their refusal to perform by building their equitable portion of the division fence, then pursuant to Neb. Rev. Stat. § 34-112.01 (2019), the Court grants permission for the Plaintiffs to enter upon the Defendants' property (Section 19) to construct a division fence along the fence line or boundary line between Section 24 and Section 19. Entry is allowed only to the extent necessary to remove obstacles such as brush and trees in order to construct a fence as defined by law.
>
> The Court finds that the actually [sic] cost for the construction of the division fence as defined by Neb. Rev. Stat. §34-115 and §34-116 is subject to change depending on the difficulty of the task at hand. Therefore the Court, limits the Defendants' monetary contribution to an equitable portion, meaning one-half the cost of materials and labor including the costs associated with removing trees, brush and obstacles. The Plaintiffs shall submit an itemized statement concerning costs of removing trees, brush and obstacles along with the costs for materials and labor within thirty days after the work is completed. The Defendants shall be supplied a copy of the itemized

statement by the Plaintiffs and shall be given an oppor-
tunity for hearing, at their request (within 10 days from
receipt of the statement) to contest the amount claimed as
their equitable portion.

[13] Examining the boundary fence statutes vesting the
county court with jurisdiction, it is clear that the purpose of
the contribution statute is for a landowner to obtain an order
or judgment that determines the rights of the parties. Neb. Rev.
Stat. § 34-102 (Reissue 2016) provides in part:

(1) When there are two or more adjoining landowners,
each of them shall construct and maintain a just propor-
tion of the division fence between them. Just proportion
means an equitable allocation of the portion of the fence-
line to be physically constructed and maintained by each
landowner or, in lieu thereof, an equitable contribution to
the costs to construct and maintain the division fence to
be made by either landowner.

Section 34-112.02 provides the process for a landowner to
obtain a judgment for contribution for a just proportion of the
division fence between the parties when the landowners can-
not agree. The county court order from which the appeal to
the district court was taken had not determined the parties'
contribution, which is the very objective of an action under
§ 34-112.02. The outcome of the case is conditioned on actions
yet to be taken as described in the June 14, 2019, order. The
order under review by the district court was of no force and
effect as a final order from which an appeal can be taken.
*Custom Fabricators v. Lenarduzzi*, 259 Neb. 453, 610 N.W.2d
391 (2000).

[14] Because the district court lacked jurisdiction to con-
sider the Srbs' appeal, we, in turn, lack jurisdiction to consider
the district court's review. See *Omaha Expo. & Racing v.
Nebraska State Racing Comm.*, 307 Neb. 172, 949 N.W.2d 183
(2020). An appellate court has the power to determine whether
it lacks jurisdiction over an appeal because the lower court
lacked jurisdiction to enter the order; to vacate a void order;

and, if necessary, to remand the cause with appropriate directions. *Francisco v. Gonzalez*, 301 Neb. 1045, 921 N.W.2d 350 (2019). In the instant case, because the district court did not acquire jurisdiction, its order must be vacated.

## CONCLUSION

The county court's order in this fence dispute brought under Neb. Rev. Stat. § 34-101 et seq. (Reissue 2016 & Cum. Supp. 2020) was a conditional order and as such not appealable to the district court. Consequently, the district court sitting as an appellate court lacked jurisdiction, as do we. We reverse the order of the district court and remand the cause with directions to vacate its order and dismiss the appeal for lack of jurisdiction.

REVERSED AND REMANDED WITH DIRECTIONS.